GEORGE HULME *et al.*, Appellants, *v.* ROBERT L. RENWICK, Appellee, and ISAAC COOK, Appellant, *v.* SAME, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

In declaring upon bills of exchange and promissory notes, the statement of the liability which constitutes the consideration, is sufficient, without specially alleging a consideration.

In declaring upon simple contracts, it is necessary that a consideration, good in itself, should be alleged.

THE questions presented in these cases are precisely similar. The facts and points raised are fully stated in the opinion of the court.

The cases were heard before J. M. WILSON, Judge, at February term, 1855, of the Common Pleas Court.

BLACKWELL, BALLINGALL and UNDERWOOD, for Appellants.

E. B. McCAGG, and SHUMWAY and WAITE, for Appellee.

SKINNER, J.    This was an action of assumpsit.    The declaration is as follows :

" STATE OF ILLINOIS, } ss.
    *Cook County,*        }

COOK COUNTY COURT OF COMMON PLEAS, of February term, A. D. 1855.

Robert L. Renwick, plaintiff in this suit, by Scammon and McCagg, his attorneys, complains of George Hulme and J. Stockton White, now or late co-partners, doing business under the name, style and description of Hulme & White, defendants in this suit, of a plea of trespass on the case on promises.

For that, WHEREAS, one George Hulme, under the style and description of George Hulme, heretofore, to wit : on the sixteenth (16) day of October, in the year of our Lord one thousand eight hundred and fifty-four, (1854,) in St. Louis, to wit : at Chicago, in the county of Cook, aforesaid, made his certain bill of exchange, in writing, and directed the same to said defendants, under the name, style and description of Messrs. Hulme & White, Chicago, Ill., and thereby required the said defendants to pay to the order of I. Cook, two thousand dollars, value received, sixty days after date, which period has now elapsed ; and the said defendants then and there, under the name, style and description of Hulme & White, accepted the said bill of exchange, and the said I. Cook then and there indorsed the said bill of exchange, and then and there delivered the said bill, so indorsed, to the said plaintiff ; and the said defendants then and there promised the said plaintiff to pay the said bill, according to the tenor and effect thereof, and of the said acceptance and indorsement :

And WHEREAS, also, the said defendant afterwards, to wit : on the first day of January, in the year of our Lord one thousand eight hundred and fifty-five, to wit : at Chicago, in the county of Cook aforesaid, became and were indebted to the said plaintiff, in the sum of four thousand dollars, for goods, wares and merchandise,

Hulme et al. *v.* Renwick, and Cook *v.* Renwick.

before that time, and then sold and delivered by the said plaintiff to the said defendants, at their special instance and request ; and in the sum of four thousand dollars, for work and labor done, and materials for the same, provided by the said plaintiff, for the said defendants, at their special instance and request ; and in the sum of four thousand dollars, for money then and there lent by the said plaintiff to the said defendants, at their special instance and request ; and in the sum of four thousand dollars for money then and there paid by the said plaintiff for the use of the said defendants, at their special instance and request ; and in the sum of four thousand dollars for money then and there received by the said defendants to the use of the said plaintiff ; and in the sum of four thousand dollars, for interest due from the said defendants to the said plaintiff, for and in respect of the said plaintiff having forborne and given day of payment of money due from the defendants to the said plaintiff, at the defendants' request, for a long time then elapsed ; and in the sum of four thousand dollars, for money found to be due from the defendants to the plaintiff, on an account then and there stated between them.

AND WHEREAS, the said defendants afterwards, to wit : on the day and year last aforesaid, in the county aforesaid, respectively promised to pay the said several sums of money respectively to the plaintiff on request, yet they have disregarded their promises, and have not paid any of the said moneys, or any part thereof, to the plaintiff, although often requested so to do, to the plaintiff's damage of four thousand dollars, and therefore he brings this his suit.

SCAMMON & McCAGG,<br>Plaintiff's Attorneys."

To this declaration, and each count thereof, the defendants below demurred specially, and assigned, among other causes, the following : '

" Because in the said first count no consideration for the promise of the said defendants is alleged."

" Because no breach of the promise in said first count mentioned is alleged in said declaration."

" Because no consideration is alleged in said second count for the several promises therein set forth."

Issue being joined upon this demurrer, the same was overruled ; and the defendants below electing to stand by their demurrer, judgment, *nil dicit,* was entered. The only question for this court to decide, is, whether the court below erred in overruling the demurrer. It is insisted that the first count of the declaration is bad, for the reason that no consideration is alleged for the promise therein stated. No such allegation is necessary. In declaring upon bills of exchange and promissory notes, the statement of the liability which constitutes the consideration is sufficient, without specially alleging a consideration. 1 Chitty's Pl. 321 ; *Walters* v. *Short,* 5 Gil. 259 ; *Prior* v. *Linsey,* 3 Bibb. 76.

It is contended that the first count is bad, because no breach of the promise in said count stated, is alleged. This is not true. The general allegations at the conclusion of the declaration, of a

promise " to pay the said several sums of money," etc., and that the defendants " have disregarded their promises, and have not paid any of said sums of money, or any part thereof," refer as well to the special as to the common count, and constitute sufficient averment of both promise and breach.

The second count, being the common counts, is obnoxious to special demurrer, for want of an allegation of a consideration for the promise to pay the sums of money in the second count mentioned.    As before stated, in declaring upon bills of exchange, negotiable and mercantile paper generally, which upon their face import a consideration, the averment of their execution is enough; for, if duly executed, the law presumes a valid consideration.    But, in other cases, in declaring upon simple contracts, it is necessary that a consideration, good in itself, should be alleged.

The consideration for the promise at the conclusion of the declaration, so far as it relates to the second count, is past and executed.    It was, therefore, only necessary to allege such consideration in general terms: " in consideration of the premises." 1 Chitty's Pl. 323.    Without this or an equivalent reference to the consideration, none with certainty appears for the promise alleged.    The precedents are uniform, consistent with the principles of pleading, and we do not feel justified to depart from them to avoid reversing the judgment in this case.    Bouvier's Law Dictionary, title " Indebitatus Assumpsit."

Judgment reversed and cause remanded.

*Judgment reversed.*