54   397
85a  627

# HENRY MERCER

*v.*

# NOYES L. JACKSON.

1. RESPONDEAT SUPERIOR—*liability for negligence of a contractor.* The owner of a building employed a carpenter to do carpenter work and a mason to do mason work thereon, and while one of the men employed by the mason, in the performance of his duties in the line of his employment, was ascending a ladder which had been erected by the carpenter, the ladder gave way by reason of its defective construction, and the man fell to the ground, receiving injuries from which he died: *Held,* in an action against the owner, by the father of the person injured, to recover damages for his death, alleged to have been occasioned by the negligence of the carpenter in the construction of the ladder, there was no cause of action shown, it not appearing it was the duty of the carpenter, in the course of his employment as such, to build this ladder for the masons to use, or that he was specifically employed by the owner to build it.

2. Although the carpenter may have made the ladder "for the purpose of enabling all the men working on the building to climb up to the different parts thereof," still, it not appearing it was any part of his employment as a carpenter, to make ladders for any body but himself, the owner could not be held liable for injury resulting to the masons from their defective construction. If the mason chose to employ the carpenter to make ladders for him, or to use those made by the carpenter for the common use of all, he should look to the carpenter for damages from defects, not to the owner of the building.

3. PARENT AND CHILD—*master and servant—when the rights and duties of these relations cease.* A parent has no right or legal interest in the services of his child after the latter has attained his majority, although the child, after reaching that age, may still live with the parent and give to him the avails of his labor, as a mere voluntary contribution, and there is a reasonable expectation that he will continue to do so.

4. So the parent can not, under such circumstances, upon the alleged ground of an injury to the relations of master and servant, and parent and child, recover for injuries received by his son who has reached his majority, by reason of the negligence of a third person. It is essential to the right of action of the parent for injury to the child, that he should have a right and legal interest in the services of the latter.

5. Nor is the parent legally liable to pay the expenses attending the sickness of his child, incurred after the latter has become of age, or his

funeral expenses in case of his death. And if the parent choose, voluntarily, to pay such expenses, that will not give him a right of action for their recovery against a third person through whose negligence the sickness and death of the party were occasioned.

6. SAME—*construction of the pauper act.* Under the pauper act, requiring children to support their infirm and indigent parents, a right of action does not accrue to the parent himself to enforce the requirements of the act, nor to obtain redress from a third person through whose negligence the child is injured so as to be unable to give such support. The purpose of that act was to indemnify the public against the maintenance of paupers, and the only remedy given is in favor of the county court for the use of the poor of the county.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action brought by the plaintiff, to recover for the death of his son, caused by the alleged negligence of the defendant. The opinion contains a statement of the case.

Messrs. MOORE & CAULFIELD, for the plaintiff in error.

The question presented by the second count in the declaration is, whether the father could recover for the loss of his son's services who had attained his majority. We claim that when a son continues to live with, work for, and pay over his wages to his father after his majority, just as he did before, he has not emancipated himself from his father, and the father can recover for the loss of his services. *Brown* v. *Ramsay,* 5 Dutcher's Rep. 117 ; *Miller* v. *Miller,* 16 Ill. 298 ; *Hillsboro* v. *Deering,* 4 N. H. 86 ; *Poultney* v. *Glover,* 23 Vt. (8 Washburne) 328 ; *Ball* v. *Bruce,* 21 Ill. 162 ; *Steel* v. *Steel,* 12 Penn. State R. ; *Vassel* v. *Cole,* 10 Miss. 634 ; *Overseers of Alexandria* v. *Overseers of Bethlehem,* 1 Harrison, 121 ; *Rex* v. *Offchurch,* 3 T. R. 116 ; *Rex* v. *Wittom,* 3 T. R. 355 ; *Rex* v. *Collingbourn,* 4 T. R. 199. ; *Rex* v. *Roach,* 6 T. R. 247, 251 ; see cases quoted, p. 121, 1 Harrison.

The reasonable expectation of pecuniary advantage from the life of deceased, is a ground for damages. It is not necessary that there should be a strict legal right in the plaintiff to his

services. *Dalton* v. *G. E. Railway Co.* 93 Eng. Com. Law Rep. 296, 304; *Franklin* v. *S. E. Railway Co.* 3 Hurlston & Norman's Rep. 211; *Blake* v. *Medland Railway Co.* 83 Eng. Com. L. Rep. 93; *Oldfield* v. *N. Y. & Harlem Railway Co.* 14 N. Y. 310; *Penn. Railway Co.* v. *McClosky, Admr.* 23 Penn. 526; *Penn. Railway Co.* v. *Bantom,* 54 Penn.; *Ill. Cent. Railway Co.* v. *Barron,* 5 Wallace, 43.

Mr. H. A. WHITE, and Mr. W. T. BURGESS, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action for an injury to Thomas Mercer, by reason of the alleged negligence of defendant's servants, whereby he was greatly hurt and came to his death.

The title of the plaintiff to maintain such an action, is rested upon the ground of an injury to the relations of master and servant, and parent and child.

The first count of the declaration shows that defendant was building a house on a lot owned by him in the city of Chicago, and employed in the erection of the house certain servants to do the carpenter's work, and a man by the name of Mortimer, as his servant to do the brick and mason work; that Mortimer employed a man named McDermot to do the stone facing, and that McDermot employed certain laborers on the work, and, among others, the deceased, the son of plaintiff; that on the inside of the building the carpenters had made a temporary ladder by nailing pieces of plank across the studding, by means of which the men could go up and down in doing their work; that on the twelfth of July, A. D. 1869, the plaintiff's son and servant was ascending said ladder, and one of the cross pieces, being negligently secured, gave way, and precipitated him to the ground, by reason of which, after lingering some weeks, he died; that plaintiff was put to great cost in nursing, burying him, etc

The second count shows substantially the same thing, with this addition : that the deceased was just over twenty-one years of age, but that he lived with his father, and continued to work and labor for him, and pay over his wages to him as he had done before he arrived at his majority, and helped plaintiff to support his family; that plaintiff was, and is old and infirm, and has no means of support.

The third count pleads the statute of Illinois, which requires children to support indigent and infirm parents.

To this declaration defendant demurred, and was sustained by the court, and judgment given for defendant.

It appears from the declaration that Jackson was the owner of the building, and employed a carpenter to do the carpenter work, and a mason to do the mason work; but it does not appear that it was the duty of the carpenter to build, in the course of his employment as such, this ladder, for the masons to use, nor that he was specifically employed by Jackson to do it.

From the statements in the declaration, the natural inference is, that the mason contractor was to furnish such means for the performance of his work under his contract as he might deem necessary, and the carpenter contractor to furnish such as might be necessary for his; but nothing is shown why the mason had the right to use the facilities of the carpenter; and if he saw fit to do so, he should have seen that they were in a condition of safety before using them.

If made by the carpenter for his own men, the ladder might have been sufficient for their use, but insufficient for the use of the men in the employ of the mason, carrying burdens on the ladder.

It is alleged that the carpenters nailed planks on the studding, and so made a ladder " for the purpose of enabling all the men working on said building, to climb up to the different parts thereof," etc. But still it does not appear that it was any part of their employment, as carpenters, to make ladders for anybody but themselves; and if the masons saw fit to employ

the carpenters to make ladders for them, or to use those the carpenters made for the common use of all, they should look to the carpenters for damages for defects, and not to the defendant, who does not appear to have employed these carpenters to do anything of the kind for the masons.

The second count probably sets out the facts which constitute the true ground of the plaintiff's claim for a recovery in this case, and we deem them insufficient to show any cause of action in the plaintiff, even if there were a liability on the part of the defendant for the negligence alleged in the declaration.

This count shows that after reaching his majority, the deceased gave to the plaintiff the avails of his services, and that there was a reasonable expectation that he would have continued to do so, but only as a voluntary contribution, and not from any legal obligation; the facts set forth do not disclose in the plaintiff any right to the services, or any legal interest in them, which the law would protect. Such right and legal interest in the services we hold to be essential, in order to maintain this action for the loss of them.

The decisions cited under special statutes, giving a remedy in case of death produced by wrongful act or neglect, where it is held that the reasonable expectation of pecuniary advantage from the life of the deceased is a ground for damages, and where there is no legal right in his services, are inapplicable to the case at bar, depending as they do upon statutory construction, and not being founded upon common law principles.

And almost equally without application, is the other class of decisions cited, in actions brought by a parent for the seduction of a daughter, where the slightest acts of service are held sufficient to establish the relation of master and servant. In such cases, the loss of service is not the real gravamen of the suit, but it is for the most part a legal fiction, which is resorted to as a legal foundation for the support of the action.

Nor does the declaration disclose any legal liability on the part of the plaintiff to pay the expenses of the sickness of the deceased, or his funeral expenses. The son being of age, the

26—54TH ILL.

plaintiff was not liable for his maintenance and support, but the deceased was himself liable for the expenses of his sickness, during his lifetime, and his personal representative was liable to pay his funeral expenses; and if the plaintiff saw fit to pay them, it was voluntary on his part, and not by force of any legal obligation, and he would have no rightful claim for the recovery of them from the defendant.

Another ground of recovery claimed in the last count is, under the statute, entitled "Paupers," requiring children to support their infirm and indigent parents.

This statute provision was intended for the indemnity of the public against the maintenance of paupers, and the only remedy it affords is this: that when the relative liable to give the support shall fail to do so, after being directed by the county court, he shall forfeit and pay to the county the sum of five dollars for every month of such failure, to be recovered in the name of the county court, for the use of the poor of the county.

In virtue of this statute, the plaintiff himself had no right of support which he could enforce, or can redress the violation of, by an action in his own name.

The demurrer to the declaration was properly sustained, and the judgment of the court below is affirmed.

*Judgment affirmed.*