## George Vorass v. Alvin J. Rosenberry.

1.  MASTER AND SERVANT—*Liability for Medical Attendance.*—The master is not bound to provide a servant with medical attendance.

2.  PARENT AND CHILD—*Parent's Liability for Physician's Services.*— A parent is not liable for medical services rendered to a son who has attained his majority, in the absence of some contract to that effect, expressed or implied.

Assumpsit, for medical services.   Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.   Verdict and judg-

ment for plaintiff; error by defendant. Heard in the Branch Appellate Court at the March term, 1899. · Reversed and remanded. Opinion filed December 5, 1899.

GILBERT & GILBERT, attorneys for plaintiff in error.

A parent is not liable to third parties for the board and necessaries of his adult children in the absence of an express promise to pay for the same. Mercer v. Jackson, 54 Ill. 397; Blachley v. Laba, 63 Ia. 22; Crane v. Baudouine, 55 N. Y. 256; Boyd v. Sappington, 4 Watts, 247; Mills v. Wyman, 3 Pick. 207; Norris v. Dodge, 23 Ind. 190; Wood v. Gill, Coxe (N. J.), 449; Schouler's Domestic Relations, par. 269, p. 400.

A master is not bound to provide medical attendance for either a menial or an adult servant, and this rule is well settled. Schouler's Domestic Relations, par. 468, 710; Wennell v. Adney, 3 B. & P. 246; 2 Parsons on Contracts, page 41; Wood on Master and Servant, Sec. 99, p. 193; Sellen v. Norman, 4 C. & P. 80; 19 Eng. Law Reports, 284; Denver, N. & R. G. R. Co. v. Iles, 53 Pac. Rep. 222; Davis v. Forbes, 51 N. E. Rep. 20.

HERBERT S. DUNCOMBE, attorney for defendant in error, contended that the obligation of the parent to maintain the child continues until the latter is in a condition to provide his own maintenance. 2 Kent Com. 190; Hunt v. Thompson, 3 Scam. 179; Murphy v. Ottenheimer, 84 Ill. 39; Hillsborough v. Deering, 4 N. H. 87.

By common law unemancipated children have a perfect right to support from their parents, and the parent has a right to the services and earnings of the child so long as the latter remains under his control. Hillsborough v. Deering, 4 N. H. 87; Dawes v. Howard, 4 Mass. 97; Freto v. Le Favour, 4 Mass. 675; Benson v. Remington, 2 Mass. 113; Whipple v. Dow, 2 Mass. 415.

Where the children remain with the parent after attaining their majority the presumption is, they remain on the same terms previously existing between them. Freeman v. Freeman, 65 Ill. 106; Byers v. Thompson, 66 Ill. 421; Mor-

ton v. Rainey, 82 Ill. 215; Griffin v. First Nat. Bank, 74 Ill. 259.

Where a son continues to work for, live with and receive support from his father after his majority just as he did before, he is not emancipated. Brown v. Ramsay, 5 Dutcher, 117; Hillsborough v. Deering, 4 N. H. 86; Poultney v. Glover, 23 Vt. (8 Washb.) 328; Steel v. Steel, 12 Pa. St. 64; Overseers of the Poor of Alex. v. Overseers of the Poor of Bethlehem, 1 Har. (16 N. J.) 121; Rex v. Offchurch, 3 T. R. 116; Rex v. Whitton, 3 T. R. 355; Rex v. Collingbourne, 4 T. R. 199; Rex v. Roach, 6 T. R. 251, 247; Wall v. Wall, 69 Ill. App. 389.

The simple fact that the child arrives at the age of twenty-one does not of itself emancipate him. If the son, with unbroken continuance, remains a member of the parent's family as he did before, he is not emancipated. The Overseers of the Poor of Alexandria v. Overseers of the Poor of Bethlehem, 1 Har. (16 N. J.), 121, and citations.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

July 13, 1897, the defendant in error, who was a practicing physician, was called by a stranger to attend upon George Vorass, Jr., a son of plaintiff in error. He found the son in an unconscious condition in the middle of the street, where he had fallen from a wagon and fractured the left thigh bone. He was removed to the house of plaintiff in error, accompanied by defendant in error, who continued to treat him for between two or three months. There is no controversy as to the amount of the claim of defendant in error. The only question is as to the liability of the father to pay for the services thus rendered.

The son had arrived at the age of twenty-one a short time prior to his injury. He lived at his father's house as a member of the family after attaining his majority, and worked in and about the business of the father the same as before.

Defendant in error was a stranger to, and was never

employed by plaintiff in error. There is testimony tending to show that plaintiff in error did not desire to have defendant in error attend the son, and that the son insisted upon retaining him. A jury was waived, and the cause submitted to the court for trial. The court found the issues in favor of plaintiff (defendant in error), overruled a motion for a new trial, and entered judgment against plaintiff in error. To review that judgment this case is brought to this court.

At the trial the court was asked to hold the following propositions of law, viz.:

"First. The court holds that there is no legal liability resting on the parent to pay the expenses attending the sickness of his child, incurred after the latter has become of age, even though the child is residing with the parent and working for him."

"Third. The court holds there is no implied liability on the part of the master for medical attendance upon his servant, even though the injuries which made such attendance necessary were induced while in the employ of the master and residing with him."

The court refused to hold said propositions of law, and each of them, as requested, but modified the same by adding to each the following:

"But if a child or servant, working for and living in the family of the parent or employer, is injured in the line of his employment, needing the immediate attention of a physician or surgeon, and the latter is called to minister to the wants and immediate necessities of the injured person who is directly brought to the family home and the physician or surgeon accompanies the injured person there, and the parent or master accepts the professional services of such physician or surgeon, and permits him to come and to continue the treatment, without notifying him that he would not be responsible for such services, he is legally liable therefor under such circumstances."

Whether the son, after attaining his majority, was employed by the father and served him as an employe, or whether he served the father without pay as a son and member of the family, were contested questions of fact. What the finding of the court was upon these questions is not disclosed by the record.

Chancellor Kent pronounces the better opinion to be that the master is not bound to provide a servant with medical attendance. (2 Kent Com. 261.) It is believed that this is now the settled rule. (D. & R. G. Ry. Co. v. Iles, 53 Pac. Rep. 222; Davis v. Forbes, 171 Mass. 548, 553.)

It may be said that the authorities are not entirely in accord upon the question of the liability of a parent for medical services rendered to a son who has attained his majority. The apparent conflict arises mainly, if not entirely, from the materially differing facts in the several cases.

In the case of Mercer v. Jackson, 54 Ill. 397, the question as to a son's emancipation was urged by counsel as it is in the case at bar. The facts can not all be found in the report of that case. But the court holds that, the son being of age, the father is not legally liable to pay the expenses of his sickness.

The modification, as shown, of propositions of law presented by plaintiff in error, were erroneous. Even if this be not so under some authorities, as to the proposition relating to parent and child, it seems that under the authorities it is certainly so as to the proposition relating to master and servant.

The judgment of the Circuit Court is reversed and the cause remanded.