**John C. Schwerdt, Appellant, v. John H. Schwerdt, Appellee.**

**Gen. No. 4,896.**

1. CONTRACTS—*when undertaking to maintain and support will not be enforced.* An undertaking to support and maintain, founded only upon considerations of affection and gratitude, will not be enforced.

2. CONTRACTS—*when void.* A contract is void which lacks the element of mutuality.

3. PARENT AND CHILD—*statute imposing obligation to support construed.* Under the statute requiring children to support their infirm and indigent parents, a right of action does not accrue to the parent himself to enforce the act.

4. PLEADING—*what allegation essential in actions upon contracts.* In the absence of statutory enactments, it is necessary, in actions upon contracts, to allege a consideration, except in the case of contracts under seal, bills of exchange and negotiable promissory notes, all of which, by intendment, import a consideration.

5. PLEADING—*what may be availed of by demurrer.* A failure to state a consideration or the statement of an insufficient consideration may be taken advantage of by demurrer.

Schwerdt v. Schwerdt.

Assumpsit. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

**Statement by the Court.** This is a suit in *assumpsit* begun by John C. Schwerdt in the Circuit Court of Lake county against John H. Schwerdt. The declaration consists of a single count and alleges that on April 4, 1892, in the city of Chicago the defendant for a valuable consideration executed and delivered to the plaintiff, in lieu of a former agreement dated November 18, 1889, of similar import, a writing as follows:

"It is hereby agreed between J. C. Schwerdt and John H. Schwerdt that this agreement is to take the place of other agreements heretofore made.

It is agreed by and between the above parties that the said John H. Schwerdt shall pay to the said J. C. Schwerdt, father of said John H. Schwerdt, one dollar and fifty cents ($1.50) per week as his share towards his father's support.

It is further agreed that the said John H. Schwerdt shall pay all doctor's bills which may be incurred by the said J. C. Schwerdt in case the latter should need medical services.

It is further agreed that the said John H. Schwerdt shall pay all the necessary funeral expenses of the said J. C. Schwerdt.

It is further agreed that the said John H. Schwerdt shall pay on the day and date of this agreement fifty-eight dollars ($58.50) and fifty cents, that amount being one dollar and fifty cents per week for nine months past.

Dated Chicago, April 4, 1892.

JOHN H. SCHWERDT."

Plaintiff alleges that the defendant fully complied with the said agreement until July 13, 1900, since which time he has wholly neglected to comply therewith, since which time said payments are due and unpaid and there is now due plaintiff a large sum to wit, one dollar and fifty cents per week from July 13, 1900, and medical attendance and necessaries of the

value of seven hundred and sixty-five dollars which complainant was compelled to incur by reason of the neglect of the defendant. Plaintiff avers that he is the father of the defendant and that he is of the age of eighty-five years, feeble in health and utterly destitute of all property except said agreement; and that by reason of the failure of the defendant to comply with his agreement plaintiff has been provided for by his grandson, Henry Detleff of Chicago. Plaintiff alleges that the consideration for said agreement and the prior agreement therein referred to was a mutual agreement entered into about fifteen years prior to this action, that the defendant should take out a policy of life insurance on the life of the wife of plaintiff, she being the mother of defendant, in the sum of five thousand dollars, which sum when collected, if plaintiff should survive his said wife, should be used towards the support of plaintiff during the remainder of his life; that said agreement was carried out by the taking out of said policy, and the said wife died one year thereafter, and defendant received the proceeds of said policy, the exact amount thereof plaintiff is not advised but believes to have been about five thousand dollars, and defendant retained said insurance for his own use. "Plaintiff avers the sum of seven hundred and sixty-five dollars of said agreement and for reasonable expenses for necessaries as above stated is wholly due and unpaid to this plaintiff to the damage of the plaintiff in the sum of seven hundred and sixty-five dollars and therefore he brings this suit." The defendant filed a general demurrer which was sustained by the court. Plaintiff electing to abide by his declaration, judgment was rendered against him and he brings the case to this court by appeal.

EDMUND H. SMALLEY, for appellant.

LAUDER, KING & GAGE and CHARLES O. LAUDER for appellee; CHARLES E. LAUDER and CHARLES H. KING, of counsel.

Schwerdt v. Schwerdt.

Mr. Justice Thompson delivered the opinion of the court.

The appellant assigns for error that the court erred in sustaining the demurrer to the declaration. The suit is brought on an agreement in writing which is set forth in the body of the declaration. It is alleged that the agreement was for a valuable consideration, in that there was a mutual agreement that the defendant should take out a policy of life insurance on the life of the wife of plaintiff, she being the mother of the defendant, in the sum of five thousand dollars, which insurance when collected should be used toward the support of the plaintiff during the remainder of his life, and that the insurance had been collected. It is insisted on the part of both the parties to this controversy that a son has no insurable interest in the life of a parent. Guardian M. L. Ins. Co. v. Hogan, 80 Ill. 35; Guaranty E. L. Society v. Dyon, 79 Ill. App. 100. The policy was not taken out by either the plaintiff or his wife, but by the defendant. No right accrued to the defendant, and no detriment, forbearance, labor or service was suffered or performed by either the plaintiff or his wife. There was no mutuality in the agreement and hence no consideration for it. It is a *nudum pactum* and cannot be enforced. A promise founded upon considerations of affection or gratitude is a beneficence and cannot be the foundation for a legal action. Kirkpatrick v. Taylor, 43 Ill. 207; Williams v. Forbes, 114 Ill. 167. The payment of the policy was a question between the insurance company and the defendant with which the plaintiff had no concern. Johnson v. Van Epps, 110 Ill. 551.

It is also argued by appellant that the declaration is good because the statute of Illinois imposes upon a son who is of sufficient ability the duty of supporting indigent parents. The declaration is not drawn upon that theory but is based entirely upon a *nudum pactum*. A declaration consisting of a single count based

upon a contract in writing and upon an independent statutory duty would be double. At the common law· there is no obligation which imposes upon a child· the legal duty of maintaining an infirm, aged and destitute parent. People v. Hill, 163 Ill. 189. Under the statute requiring children to support their infirm and indigent parents a right of action does not accrue to the parent himself to enforce the act. The purpose of the act is to indemnify the public against the maintenance of paupers, and the only remedy given is in favor of the county for the use of the poor of the county. Mercer v. Jackson, 54 Ill. 397.

It is insisted that the defense of no consideration cannot be raised by a demurrer but that it must be raised by a special plea. In the absence of statutory enactments to the contrary, it is necessary in actions upon contracts to allege a consideration, except in the case of contracts under seal, bills of exchange and negotiable promissory notes, all of which by intendment of law import a consideration, and a failure to state a consideration or a statement of an insufficient consideration may be taken advantage of by demurrer. 4 Ency. of Pl. & Pr. 928; 1 Chitty on Pl. 300; Stephens on Pl., 96; Hulme v. Renwick, 16 Ill. 371; Hite v. Wells, 17 Ill. 88. Appellant particularly set forth what he claimed was the consideration, and from the allegation it clearly appears there was no consideration for the agreement. The demurrer was properly sustained, and the judgment is therefore affirmed.

·*Affirmed.*