WARREN S. BOOTH, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 101336, 101883. Promulgated March 6, 1941.

*Arthur L. Evely, Esq.,* and *Raymond H. Berry, Esq.,* for the petitioner.
*Philip M. Clark, Esq.,* for the respondent.

OPINION.

OPPER: These consolidated proceedings involve deficiencies in petitioner's income tax for the calendar years 1936 and 1937 in the

respective amounts of $550.66 and $2,604. The contested issue for each year is the same. All of the facts have been stipulated and as so stipulated are hereby found.

The question is whether petitioner is entitled to credits for dependents on account of his four children, each of whom is under 18 years of age and throughout the taxable years resided with petitioner and was supported solely by him. The single ground on which respondent contests the claim is that in May 1936 a trust originally created by the children's great-grandfather fell in, and the children as remaindermen received the right to the principal of the trust fund and with it to income which in both taxable years amounted to a sizeable sum.

The parties agree that there is no authority directly in point. But this is less startling than might at first appear. For petitioner's situation falls squarely within the language not only of the statute [1] but also of respondent's regulations.[2] It is petitioner's position, which we accept because respondent in no wise questions it, that under Michigan law petitioner was responsible for the support of his minor children as far as his resources were sufficient, in spite of their possession of independent means. See *Chubb* v. *Bradley*, 58 Mich. 268; 25 N. W. 186; Mich. Comp. Laws, 1929, sec. 15771. That being the case there was legal dependency. But there was more than "mere legal dependency" because the facts show that the children were actually supported entirely by petitioner's funds, so that during the relevant period there was also "actual financial dependency." And these children did not "receive half or more of their support from a trust fund or other separate source" under the stipulated facts. We see no basis upon which respondent's position can be maintained. The credits should be allowed.

Other issues having been disposed of by the stipulation,

*Decision will be entered under Rule 50.*

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

\* \* \* \* \* \* \*

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

\* \* \* \* \* \* \*

(2) CREDIT FOR DEPENDENTS.—$400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective.

[2] ART. 25-6. [Regulation 94.] *Credit for dependents.*—A taxpayer, other than a nonresident alien who is not a resident of Canada or Mexico (see section 214), receives a credit of $400 for each person (other than husband or wife), whether related to him or not and whether living with him or not, dependent upon and receiving his chief support from the taxpayer, provided the dependent is either (*a*) under 18, or (*b*) incapable of self-support because defective.

The credit is based upon actual financial dependency and not mere legal dependency. It may accrue to a taxpayer who is not the head of a family. But a father whose children received half or more of their support from a trust fund or other separate source is not entitled to the credit.