*Decisions will be entered under Rule 50.*

MAX FREEDMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99886. Promulgated March 27, 1941.

*Charles R. Berne, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

OPINION.

HARRON: The sole question is whether in the taxable year petitioner is entitled to a credit of $400 for each of his two children. The question arises under section 25 (b) (2) of the Revenue Act of 1936, the pertinent provisions of which are as follows:

There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

\*          \*          \*          \*          \*          \*          \*

(2) CREDIT FOR DEPENDENTS.—$400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective.

On his income tax return for the taxable year petitioner claimed a credit of $400 for each of his two children. In the statement attached to the deficiency notice respondent disallowed the credits on the ground that the children were not financially dependent on petitioner in the taxable year.

In the taxable year the children were under eighteen years of age and received their entire support from petitioner. Thus the basic question for determination is whether in the taxable year the children were "dependent upon" the petitioner within the meaning of section 25 (b) (2).

The credit for dependents provided for under section 25 (b) (2) "is plainly designed to effectuate a system of income taxation based on the taxpayer's ability to pay." *Morrell* v. *Commissioner*, 107 Fed. (2d) 34. Congress has not defined the meaning of the words "dependent upon" as used in section 25 (b) (2). The words import on their face the orthodox conception of dependency which connotes "actual support plus some form of preexisting and at least ethical obligation." *Morrell* v. *Commissioner, supra*. In his regulations respondent consistently has stated that the credit for dependents "is based upon actual financial dependency and not mere legal dependency." See art. 25–6, Regulations 94; *Harry Sommers*, 32 B. T. A. 490. Actual financial dependency alone is not enough; there must be also an obligation to support resting "upon some moral or legal or equitable grounds." *Morrell* v. *Commissioner, supra*. Even though a taxpayer's minor children have independent means, there is legal dependency if he is under a legal obligation to support them, and there is actual financial dependency if he actually furnishes their entire support. *Warren S. Booth*, 43 B. T. A. 846.

Respondent contends that in the taxable year the two children were financially independent because each of the two trusts for their benefit had an income of approximately $6,000 and that thus they were not "dependent upon" petitioner within the meaning of the statute. He relies on *Augustus S. Loyless*, 40 B. T. A. 600. Petitioner contends that in the taxable year the two children were not financially independent because their right to receive income or principal of the two trusts was within the sole discretion of the trustee and none of the income or principal of the two trusts in fact was distributed to them; and that, in any event, they were "dependent upon" petitioner because he was under a legal obligation to support them and in fact furnished their entire support.

In our opinion the two children were "dependent upon" petitioner in the taxable year within the meaning of the statute. Petitioner was under a legal obligation to support the two children out of his own personal funds (Ohio General Code, sec. 7997); regardless of whether or not the two children had property of their own sufficient for that purpose. See *In re Gould*, 2 Ohio D. (NP) 398; *Warren S. Booth, supra*. And in the taxable year he furnished the entire support of the two children out of his own personal funds. See *Warren S. Booth, supra;* Paul & Mertens, Law of Federal Income Taxation, 1939 Cum. Supp., sec. 30.10; I. T. 1618, C. B. II–1, p. 123. In the taxable year the two children had no property other than their interests under the three trusts created by petitioner. Under the trust created for the joint benefit of their mother and themselves, the two children had no right to receive the income or principal until their mother's death, and their mother was living throughout the taxable year. Under the two trusts created for their benefit the right of the two children to receive the income or principal was within the sole and absolute discretionary power of the trustee in the taxable year. The clear weight of the evidence indicates that the trustee exercised her discretionary power in the taxable year so that none of the income or principal of each of the two trusts was distributed; and that all of the income of each of the two trusts was accumulated with the exception of a small amount used to repay a loan to the trust and a small amount used to satisfy personal property taxes levied on the trust estate. Even if the income or some of the principal of the two trusts had been distributed in the taxable year, the children would have still been "dependent upon" petitioner within the meaning of the statute, because he was under a legal obligation to support them and actually furnished their entire support. *Warren S. Booth, supra*. See Paul & Mertens, Law of Federal Income Taxation, 1939 Cum. Supp., sec. 30.10; I. T. 1618, *supra*. The conclusion that the children were "dependent upon" petitioner in the taxable year falls clearly within the legislative purpose underlying section 25 (b) (2), i. e., "to effectuate a system of income taxation based on the taxpayer's ability to pay." See *Morrell* v. *Commissioner, supra*.

*Augustus S. Loyless, supra*, on which respondent relies, is distinguishable. In that case the person on account of whom the taxpayer claimed a credit under section 25 (b) (2) was an adult, the taxpayer's mother, who did not receive her "chief support" from the taxpayer (except under a contract entered into by the taxpayer for a valuable consideration) and who owned property the value of which was not shown.

It is held that petitioner should be allowed a credit of $400 for each of his two children in the taxable year.

*Decision will be entered under Rule 50.*