MYRTLE S. CARSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104474.   Promulgated June 23, 1942.

*E. R. Cameron, C. P. A.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency in income tax for 1938 in the amount of $336. The issues are whether petitioner is entitled to a personal exemption of $2,500 as head of a family and a credit of $100 for one dependent for a period of three months.

The case was submitted upon the following stipulation of facts:

(1) That the petitioner is, and that she was throughout the calendar year 1938, a citizen of the United States and a resident of the City and County of Honolulu, Territory of Hawaii.

(2) That the petitioner had been legally married to Merwin B. Carson, a citizen of the United States, and that there had been born unto the petitioner and the said Merwin B. Carson two children, namely, Knight S. Carson, a son, whose birthday was March 23, 1918, and Lorna Carson, a daughter, whose birthday was April 5, 1920.

(3) That the petitioner was divorced from the said Merwin B. Carson on December 12, 1933, and that throughout the calendar year 1938 she was unmarried.

(4) That the petitioner was awarded by the court the custody of the two children, aforesaid; and that no change had been made in the said court order on or before December 31, 1938.

(5) That neither of the said children had been married on or before December 31, 1938.

(6) That the petitioner, for several years prior to 1938 and throughout the calendar year 1938, owned a residential property on Judd Hillside, City and County of Honolulu, aforesaid, and that the petitioner still owns and occupies said residential property as her home.

(7) That the petitioner occupied said residential property as her home continuously during the period begun January 1, 1938, and ended August 26, 1938, when she embarked for Boston, Massachusetts, in company with her daughter, Lorna, who matriculated at Vassar College during the Fall of 1938.

(8) That the said daughter, Lorna, lived with the petitioner in the petitioner's home at Judd Hillside, aforesaid, prior to 1938 and during the period begun January 1, 1938, and ended August 26, 1938, when she embarked with her mother for the purpose aforesaid.

(9) That the petitioner possessed a substantial estate, which she had inherited from her father or had accumulated, and that she realized a gross income of $26,361.26 from the said estate during the calendar year 1938.

(10) That the petitioner maintained her home at Judd Hillside, aforesaid, befitting her social status; that, except as hereinafter stated, the petitioner paid all the household bills and other expenses incurred in the maintenance of the said home at Judd Hillside during the period begun January 1, 1938, and ended August 26, 1938, and that the petitioner did not charge to, nor receive from her daughter, Lorna, nor from her son, Knight, reimbursement of any portion of the said household and maintenance expenses.

(11) That the petitioner, during the school year begun in September, 1938, and ended in May, 1939, rented an apartment on Beacon Street, Brookline, Massachusetts; that the petitioner's son, Knight S. Carson, who attended a university in Cambridge, Massachusetts, throughout the school year aforesaid, lived with the petitioner at said Beacon Street Apartment throughout the school year of 1938–1939; and that the petitioner's daughter, Lorna, stayed with the petitioner at said Beacon Street apartment during the Christmas, 1938, holidays.

(12) That, except as hereinafter stated, the petitioner paid all of the household bills and other maintenance expenses in respect of the Beacon Street apartment at Brookline, Massachusetts, throughout the school year 1938–1939, and that the petitioner did not charge to nor receive from either Knight S. Carson or Lorna Carson reimbursements of any part of said household and other maintenance expenses of the Beacon Street apartment during the period aforesaid.

(13) That the petitioner incurred and paid during the calendar year 1938 household and other maintenance expenses in respect of her Judd Hillside home and of her Beacon Street apartment, both aforesaid, approximately $12,500.00. [Sic.]

·(14) That Knight S. Carson and Lorna Carson, son and daughter of the petitioner, each acquired from their grandfather prior to 1938, by gift and by inheritance, a separate estate; that the gross income of Knight S. Carson from his said separate estate for the calendar year 1938 was $7,228.75; that the gross income of Lorna Carson from her said separate estate for the calendar year 1938 was $7,310.00; and that a Federal income-tax return for the calendar year 1938 was duly filed in behalf of each of Knight S. Carson and Lorna Carson in which was reported the income that was received by each of them, respectively.

(15) That Knight S. Carson paid out of his separate estate during the calendar year 1938 the costs of tuition and maintenance at a university during the calendar year 1938, excepting his board and lodging during the school year 1938–1939, when he lived with the petitioner at her Beacon Street apartment, aforesaid.

(16) That Lorna Carson, during the period of 1938 that she lived with her mother at the Judd Hillside home and during the period begun August 26, 1938,

and ended December 31, 1938, spent approximately $4,000.00 of the income of her separate estate for the following purposes: For the purchase of an automobile for her personal use, for driving lessons, and for the maintenance of said automobile; for clothing additional to clothing furnished by the petitioner; for dancing and other lessons; for private parties to friends; for traveling expenses to college; for college tuition; for furnishing her room at Vassar College; for cosmetics and hair dressing; et cetera, but not in reimbursement of any of the expenses incurred and paid by the petitioner, aforesaid.

(17) That the petitioner duly filed with the Collector of Internal Revenue at Honolulu, an income tax return for the calendar year 1938 in which she reported her gross income and deductions, and in which she claimed the personal exemption as head of a family, $2,500, and a fractional credit (three months) for one dependent, her daughter, Lorna. A copy of the said return is hereto attached, and may be received in evidence.

The Commissioner disallowed both the credits claimed and allowed one of $1,000.

The petitioner claims that she was the head of a family as that term is used in section 25 (b) (1) of the Revenue Act of 1938 and is, therefore, entitled to the $2,500 credit. She claims further that for the first three months of 1938 her daughter, Lorna, was a dependent within the meaning of section 25 (b) (2) and that she is entitled to a credit of $100 under that provision of the statute.

The petitioner is entitled to the credit of $100 claimed under section 25 (b) (2), in respect of her daughter. A credit of $400 is allowed "for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age." The daughter was under eighteen years of age during the first three months of the taxable year, the petitioner was legally obligated to maintain and support her, and did in fact so maintain and support her. The claim for the credit of $100 for the daughter as a dependent under section 25 (b) (2), *supra*, for the first three months of the taxable year is accordingly allowed. Cf. *Warren S. Booth*, 43 B. T. A. 846.

The statute does not define or otherwise explain the meaning of the term "head of a family" used in section 25 (b) (1). The Commissioner in Regulations 101, article 25-4, has interpreted the term as follows:

A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the act must depend upon the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. * * *

The petitioner is an individual who actually supported and maintained her daughter in one household. The daughter is an individual who is closely connected with the petitioner by blood relationship. The petitioner's right to exercise family control and provide for this individual is based upon a moral or legal obligation. We have already held that the daughter was dependent upon and receiving her chief support from the taxpayer while they were in Hawaii. Their actual residence together was not continuous during the entire taxable year. The child was away at school for a part of this year. The mother still maintained a common home. In fact, she maintained two common homes thereafter—one in Honolulu and one in Brookline, Massachusetts. The home which the mother had provided in Hawaii was apparently too far away for the daughter to get any benefit from it and to satisfy the mother. Therefore, the latter provided and maintained a second common home in Brookline. It is clear that this was a common home with respect to this mother and daughter because they both lived there at the expense of the mother during the daughter's Christmas vacation, and also another member of the family lived there continuously with his mother from September to the end of the year at his mother's expense. The result, according to the regulation, would have been the same even if the mother had not come to Brookline but had merely continued to maintain the common home in Hawaii ready for the return of the daughter.

The petitioner thus fulfills all of the requirements of the Commissioner's own regulation to qualify as head of a family. The regulation does not deny the status as head of a family merely because a child may have some funds of her own or be in part supported and maintained by funds from some outside source. *Eleanor L. Mack*, 37 B. T. A. 1101; O. D. 422, 2 C. B. 159. Where the parent contributes substantially to the support of the dependent and maintains a common home at all times during the year, it is immaterial that the child may be temporarily away from home at school or on a visit, and while away from home for this temporary period may be actually supported and maintained in part or even entirely by funds other than those of the parent. It is common knowledge that children frequently go away from home on a visit and those whom they are visiting furnish board, lodging, and sometimes even a few new clothes. It is also common knowledge that funds for the education of children are frequently provided by trusts, scholarships, and other outside sources. But the regulation wisely provides that the parent does not lose his or her status as head of a family by reason of such temporary absences. The petitioner was head of a family during the entire year and is entitled to the credit of $2,500. Consideration of the additional circumstance that the petitioner's

son was an occupant of the common home of his mother in Brookline, Massachusetts, at all times that the petitioner lived in that common home, is unnecessary in this proceeding.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

---

TURNER, dissenting: I am unable to agree that petitioner is entitled for the last four months of the taxable year to credit as head of a family. The statute does not define or explain the term, but the interpretation contained in the respondent's regulation has long been recognized as fair and reasonable and has become firmly imbedded in the law. So much of the regulation as is here pertinent reads as follows:

A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship * * * and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is the head of a family within the meaning of the Act must depend upon the character of the separation. If * * * a child or other dependent is away at school * * * the common home being still maintained, the additional exemption applies. * * *

During the months of September through December petitioner maintained an apartment in Brookline, Massachusetts, in which she lived with her adult son, Revised Laws of Hawaii, 1935, sections 4510, 4513, and where, according to the stipulation, her "daughter, Lorna, stayed * * * during the Christmas, 1938, holidays", petitioner ostensibly furnishing board and lodging during such period. Except for such holidays, she did not during the period in question "actually support and maintain" her daughter in her own household or in any other household, but, to the contrary, the daughter maintained and supported herself from her own independent means. Regardless of that fact, however, it is here held that maintenance of the apartment plus the holiday "stay" is sufficient to establish petitioner as the head of a family. This ruling is based on that sentence of the regulation reading: "If * * * a child or other dependent is away at school * * * the common home being still maintained, the additional exemption applies." Even a casual reading of that sentence and the sentence preceding discloses that they are concerned solely with the relaxation, under the circumstances therein set forth, of the requirement in the first sentence of the regulation that the dependent individual be supported and maintained in the same household as the person claiming the credit. There is not, in my opinion, a single word or the semblance of a thought in either

sentence which relaxes or removes the plain and basic requirement that the person claiming credit as head of a family must actually support and maintain the individual upon whom the claim is based. Furthermore, the person "actually supported" must be a "dependent individual." In the first sentence of the regulation the persons furnishing the basis for the claim are referred to as "these dependent individuals"; in the second sentence, as "dependent relatives"; in the third sentence, as "a child or other dependent." Here the daughter, being over eighteen years of age, was not a dependent within the meaning of section 25 (b) (2), *supra*. She was not a dependent in fact. Not only did she have independent means of her own more than sufficient to furnish ample maintenance, but during the period in question, except possibly to some extent "during the Christmas, 1938, holidays," she in fact did support and maintain herself from her own means. It is true that she was still a minor under Hawaiian law and would not become of age until she reached the age of twenty years, and presumably had there been any occasion or necessity therefor the petitioner could have been required under the laws of Hawaii to support her until she did become of age. The fact nevertheless remains that there was no such occasion or necessity for the petitioner to support her daughter, and the petitioner did not "actually support and maintain" her, as the regulation requires. I am accordingly unable to agree that petitioner is entitled during the last four months of the taxable year to credit as head of a family.

HILL and KERN agree with this dissent.