ELIZABETH C. MASSENGALE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111200. Promulgated June 29, 1943.

*A. W. Clapp, Esq.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

OPINION.

DISNEY. *Judge:* This case involves income taxes for the calendar years 1938. 1939. and 1940 in the respective amounts of $148.30, $117.48. and $208.28. The sole question presented is whether the petitioner was entitled to a personal exemption as the head of a family.

The facts are briefly as follows: The petitioner has been a widow since 1929. During the taxable years she maintained a home in Atlanta, Georgia, and a household consisting of herself, a first cousin, Mrs. Julian Clark, about 60 years of age; a daughter. Elizabeth Ormond Massengale, aged 41, and incompetent since early childhood; an attendant for the daughter; and a chauffeur. Petitioner's father by his will set up a trust providing, in effect. that a certain fund should be invested by trustees "for the benefit of said Elizabeth Ormond Massengale. during the term of her life or disability. and use so much of the income or corpus of said fund as may be necessary for her support and maintenance. in the event she should become dependent thereon." It was further provided by the will that in case of the death of Elizabeth Ormond Massengale without lineal descendants. the amount remaining from the fund should vest in the petitioner and her three brothers; but if Elizabeth Ormond Massengale should leave lineal descendants, the residue should vest in them in fee simple.

During the taxable years the annual income of the trust was $3,200. Thereof the trustee, petitioner's brother, paid to her $1,920 yearly, and of that sum the petitioner spent $1.200 yearly for the support of the incompetent, investing for her the remainder of the $1.920 per year. The reason petitioner did not use more was because. since at her daughter's death the fund was to be divided between petitioner and her three brothers, she did not feel that she had a right to take more than $100 per month, and felt morally obligated to do the rest. The annual expense of caring for and supporting the incompetent was $3,994.55, including one-third of the general household expenses of $5,481.15, and $2,067.50 of expense personal to the incompetent daughter.

Petitioner's net income for the taxable years was: 1938. $10,729.31; 1939. $6.227.21; 1940, $12,697.83. She maintained a home of a value of $20.000. The expenses paid for the incompetent daughter were in accordance with petitioner's general scale of living. The petitioner

control: the home, including expenses and the coming and going of the individuals living there.

Under such facts, is the petitioner entitled to an exemption under section 25 (b) (1) of the Revenue Act of 1938, and section 25 (b) (1) of the Revenue Act of 1940, identical therewith? The statute furnishes no definition of "head of a family." By regulations (Regulations 101, article 25-4, and Regulations 103, section 19.25-4) the Commissioner has provided:

*Personal exemption of head of family.—*A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. * * *

In Percy Wade, 40 B. T. A. 328, we designated as the three essentials requisite to exemption as head of a family:

1. Dependence, accompanied by actual support.
2. Maintenance of the home.
3. Close relationship by blood, marriage, or adoption in order that the right of the taxpayer to exercise family control and provide for such dependents shall be based upon some moral or legal obligation.

Is the claim well based upon partial support of a daughter, incompetent since childhood and always maintained in the petitioner's home, where the petitioner received $1,920 annually from a trust fund set up for the daughter, but spent only $1,200 thereof on the daughter, and herself furnished the balance of $3,994.55 expense of support of such incompetent daughter?

Whether the petitioner furnished the major portion of the funds necessary for the support of the incompetent daughter, she furnished a substantial part thereof, and in *Eleanor L. Mack,* 37 B. T. A. 1101, we said that material contribution by a parent to the support of a child dependent in material degree is sufficient to sustain the exemption as head of a family. That opinion cites the Commissioner's view, to the same effect, in O. D. 474. C. B. 2, p. 159. Therefore, if the petitioner's adult incompetent daughter was in a material degree dependent upon her, the exemption should be allowed. The respondent takes the view that there is no such dependency because of the existence of the trust fund above described. We have in various cases considered the effect upon a claim of exemption as family head, of independent income to,

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.
 *       *       *       *       *       *
(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

(1) PERSONAL EXEMPTION.—In the case of a single person or a married person not living with husband or wife, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.

or property owned by the alleged dependent; and under some circumstances have held that such property or income prevented allowance of the exemption. *John H. Watson, Jr.*, 38 B. T. A. 1026; *Augustus S. Loyless*, 40 B T. A. 600. In none of those cases, however, were we considering a situation involving an incompetent child of the claimant for exemption as head of a family.

The Commissioner has taken the view that, though a minor child is beneficiary of a trust fund providing sufficient funds for his education and support, nevertheless, where the father was legally liable for and actually furnished support, maintenance, and education to the minor, who lived in the father's home, the father was the head of a family. (I. T. 1618. C. B. II–1, p. 123.[2]) The view is consistent with that line of authority to the effect that a father is bound to educate and maintain at his own expense his own children, even though they have independent means. 46 C. J. 1261. Is a different view justified because of the fact that herein we consider not a minor, but an adult incompetent? Authority seems to indicate that, if a child is incompetent physically or mentally during minority, continues so to be until after majority, and continues to reside in his parents' home, the parents continue to have, after the majority of the child, the same duties and rights as before. Thus 20 Ruling Case Law 586, says:

\* \* \* But where a child is of weak body or mind, unable to care for himself after coming of age, and remains unmarried and living in the father's home, it has been held that the parental rights and duties remain practically unchanged. The father's duty to support the child continues as before. He is still entitled to receive the child's services and wages, and the child follows any change of settlement of the father, like a minor child. The duty of exercising reasonable care in restraining an adult son who is mentally unsound and likely to commit dangerous acts also rests on the father under whose custody and in whose family he lives. \* \* \*

On the same subject, 46 Corpus Juris 1269 states, as an exception to the usual rule of termination of a parent's liability at majority, a case where the child is in such a feeble and dependent condition physically or mentally as to be unable to support itself. Among the author-

---

[2] A widower maintained a home throughout the year 1921 for himself and two children, aged 10 and 13, respectively, neither having been emancipated. The two children received from a trust created for them, of which the father is the trustee, income sufficient to "support and educate them in every way." The father, however, bore all the expenses of their maintenance, education, etc.

Held, that taxpayer is entitled to exemption as head of a family.

A is a widower, who throughout the year 1921 maintained a home for himself and his two children, a son aged 13 and a daughter aged 10, who resided with him throughout the year, neither child having been emancipated. The two children received during the year from a trust created for them by their grandfather, and of which A is the trustee, income sufficient to "support them and educate them in every way." All of the income received by the two children was their absolute property, A having no interest or claim of any description with respect thereto. During the taxable year, however, A bore all expenses of maintenance, education, and support of the children.

Held, inasmuch as A was legally liable for the support of his minor children and during the taxable year did actually support them and maintain them in one household with himself, he is entitled to exemption as the head of a family.

ities supporting the above rule are *Howard* v. *United States*, 2 Fed. (2d) 170; *Breuer* v. *Dowden*, 268 S. W. 541; *Crain* v. *Mallone*, 113 S. W. 67; *Rowell* v. *Town of Vershire*, 19 Atl. 990; *Schultz* v. *Western Farm Tract. Co.*, 190 Pac. 1007.   Here the evidence is that the incompetent child has been so from a tender age and has remained in the petitioner's household.   Therefore, under the above authority the petitioner is liable for support of her adult incompetent child whom she maintains in her household, regardless of any trust fund for the child.   In fact, however, we find the trust provisions equivocal, for the indenture provides for use of so much of trust corpus or income as may be necessary for support or maintenance of the child "in the event she should become dependent thereon."   At her death without descendants, remaindermen take the residue.   It might have been contended by such remaindermen that, due to the mother's duty of support, the child had never become dependent upon the trust fund.   Since the trustee paid over only $1,920 out of $3,200 annual trust income, apparently that view was taken *pro tanto*.

We conclude that the trust fund constitutes no reason for denial of the status of head of a family to the petitioner, and that, maintaining her adult and always incompetent daughter in her household, in material part at her own expense, the petitioner is entitled to the exemption claimed.   This conclusion renders it unnecessary to consider whether the exemption may rest upon petitioner's support of an adult first cousin.   But see *Mary B. Adams*, 45 B. T. A. 193.

> *Decision of no deficiency will be entered for each of the taxable years.*