Natalia Danesi Murray v. Commissioner.
Murray v. Commissioner
Docket No. 14072.
United States Tax Court
1948 Tax Ct. Memo LEXIS 164; 7 T.C.M. (CCH) 365; T.C.M. (RIA) 48097; June 14, 1948
Irving B. Stewart, Esq., for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,763.66 in income and victory tax for 1943. The issues for decision are whether amounts received by the petitioner from her former husband are taxable to her under section 22 (k), and whether she is entitled to a personal exemption of $1,200 as head of a family allowed by section 25 (b) (1). Findings of Fact The petitioner filed her individual income tax return for 1943 with the collector of internal revenue for the third district of New York. The petitioner was married in *165 1924 to William B. Murray. Their only child was a son, born April 8, 1926. The petitioner and Murray entered into a separation agreement and property settlement on January 13, 1934. It provided for payments to be made by Murray for the support of the petitioner and their son, depending, within certain limitations, upon the income of Murray. It gave the petitioner exclusive custody and control of the child until his 14th birthday, with the right of Murray to visit him at reasonable times and provided that after his 14th birthday the parties should agree upon an equitable division of the custody and control of the child. The petitioner instituted an action for divorce in New York in September 1934, and was granted an absolute divorce on December 10, 1934. The decree provided that the petitioner was to have custody of the child subject to the terms of the agreement of January 13, 1934, and that Murray was to pay to her the amount specified in that agreement for her support and the support and maintenance of the child. Thereafter Murray paid to the petitioner $50 a week in accordance with the agreement. That continued through 1937. Those payments were the minimum allowed under the *166 agreement but Murray's income was such that he did not have to pay more than that minimum. Murray suggested to the petitioner in 1938 that they enter into a new agreement under which he would pay her a fixed amount of $85 a week and pay for the support and education of their son. They entered into a new agreement on February 3, 1938. It recited that the parties had entered into the agreement of January 13, 1934, and they desired to amend that agreement in so far as it related to the support and maintenance of the petitioner and the child. It terminated all of the provisions of the earlier agreement in regard to those matters and provided that Murray should henceforth pay his wife $85 per week, until she should die or remarry, for her separate maintenance and support, and for her sole and separate use and benefit. He further agreed that during the minority of the child he would pay for the support, maintenance and education of the child. The agreement also provided that the petitioner, if she should so desire, could have the decree of divorce modified so as to require the payments as provided under the agreement. That was not done. The petitioner continued to have the care and custody *167 of the child during the years 1942 and 1943. She maintained a household for herself and her son. The son during those years was attending either prep school or college as a full time boarder but spent his vacation periods, amounting to something over three months, with his mother at her apartment. Murray paid more than one-half of the total amount expended for the support, maintenance and education of the child during those 2 years, but the petitioner spent some of her own money for his support and maintenance during each of those years. She paid all of the household bills, including all of the expenses while he was living there with her. Murray was remarried and living with another wife during the taxable years. He claimed on his return for each year a credit of $350.00 for the son as a dependent. He made no claim on his return for the $1,200 exemption allowed under section 25 (b) (1). His then wife, on a separate return, claimed the personal exemption of $1,200 allowed under section 25 (b) (1). The petitioner reported on her returns for 1942 and 1943 income which she received as compensation for personal services amounting to $4,237.40 for 1942 and $3,600 for 1943. She claimed *168 on each return a personal exemption of $1,200 as head of a family. She did not report $4,420 which she received in each year from Murray pursuant to the agreement dated February 3, 1938. The Commissioner, in determining the deficiency, added to the petitioner's income for each year $4,420, representing the payments from Murray, and disallowed the personal exemption of $1,200 claimed as head of a family. Opinion MURDOCK, Judge: It is stipulated that the payments of $4,420 here in question were paid pursuant to the agreement of February 3, 1938. That agreement was not an instrument incident to the divorce of the petitioner and Murray within the meaning of section 22 (k) since it was entered into voluntarily by the parties several years after the divorce and was not incorporated in any way in the divorce decree. Benjamin B. Cox, 10 T.C. 955, (May 26, 1948). Cf. Frederick S. Dauwalter, 9 T.C. 580. The petitioner was head of a family within the meaning of section 25 (b) (1). Eleanor L. Mack, 37 B.T.A. 1101; Myrtle S. Carson, 47 B.T.A. 163. The case of Sidney Williamson Kirtland, 39 B.T.A. 959, is distinguishable *169 on the fact that there a husband was the sole support of the family, and the wife did not contribute in any degree financially to the support and maintenance of the family. Decision will be entered under Rule 50.