GLADYS SANTIAGO DE BATLLE, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellant.

No. 11102. Argued April 2, 1954.—Decided May 28, 1954.

*José Trías Monge*, Attorney General, and *Juan Pedrosa, Jr.*, Assistant Attorney General, for appellant. *G. Santiago Fortis* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The question presented by this case is whether a lady who was separated from her husband and had living with her their four-year old daughter was entitled to the $2,000 personal exemption provided for the "head of a family" in § 18(*b*) of the Income Tax Act as amended by § 4 of Act No. 433, Laws of Puerto Rico, 1947.[1]

---

[1] Section 18(*b*) does not define "head of a family". Article 181 of Income Tax Regulations No. 1 is substantially the same as the equivalent Federal Regulation. It reads as follows:

"*Personal Exemption of Head of Family.*—"A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the statute, must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere,

Gladys Santiago de Batlle received a notice of deficiency for her 1948 income tax on the ground that she was not entitled to the exemption of $2,000 provided in § 18(b). After a trial on the merits, the Superior Court entered a judgment in her favor ordering the Secretary of the Treasury to grant her the said exemption. The Secretary appealed from the judgment of the Superior Court.

██ In 1947 the taxpayer was abandoned by her husband, who transferred the home which they owned and occupied to her name. She continued to live there with their daughter, who had been born in 1944. In 1950 the taxpayer and her husband were divorced on the ground of separation. In 1948, within the divorce suit, the husband was ordered to pay the taxpayer as of November 1, 1947 the global sum of $200 a month for the support of the latter and the daughter. In February 1948 the taxpayer began to work for the Federal government at an annual salary of $2,840. The husband thereupon obtained an order of court reducing the payment of support as of April 1, 1948 to $150 a month while the taxpayer received this salary. As a result, during 1948 the taxpayer received a total of $1,950 from her husband for support of herself and her daughter. During that year she received in salary the amount of $2,130.03.

The trial court found that, dividing the general expenses of the taxpayer and her child by two and adding to the child's share her personal expenses of $402 per year, the expenses for 1948 attributable to the child were $1,960.20. The father paid $200 a month for the first three months of

---

the additional exemption may still apply. If, however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support. A resident not a citizen of Puerto Rico with children abroad is not thereby entitled to credit as the head of a family. As to the amount of the exemption see Article 180."

This exemption was eliminated from the Federal Act in 1944. See

5 Mertens, *Law of Federal Income Taxation*, § 3209, p. 587.

1948 for the support of both the taxpayer and the child. Both parties agree this should be divided evenly between them, making $300 for the child. For the last nine months, the father paid $150 a month. The Superior Court in this case likewise divided that sum evenly between the mother and the child, concluding that $675 thereof went to the child. Under this method of calculation, the father paid a total of $975 of the child's expenses during 1948, which as we have seen amounted to $1,960.20. The taxpayer therefore paid more than half of the support of the child that year since she earned and spent $2,130.03.

If the taxpayer contributed more than half of the support of the child for 1948, she is unquestionably entitled under the circumstances of this case to a personal exemption as head of a family. Office Decision 75, Cumulative Bulletin 4, p. 214; G. C. Memorandum 10,431, Cumulative Bulletin, X1-1, p. 37; *Kallick* v. *Commissioner*, 45 B.T.A. 992 (1941); *Loyless* v. *Commissioner*, 40 B.T.A. 600; 603 (1939); *Mack* v. *Commissioner*, 37 B.T.A. 1101 (1938); 5 Mertens, *supra*, p. 588 *et seq.* However, the Secretary of the Treasury argues that the taxpayer did not in fact contribute more than half of said support. His position is that when the court reduced the support paid by the father from $200 to $150 a month, it must have meant that thereafter $100 was for the child and $50 for the mother in view of its statement that the reduced figure would be paid while the mother was drawing her salary. Under this theory, the total contributed by the father to the child's expenses of $1,960.20 for 1948 would be $1,200, or more than half contributed by the father rather than by the mother.

We do not agree with the Secretary of the Treasury. The father was required to support both the mother and the child; in addition, the mother had a duty to support the child. When the mother obtained a job, the court in the divorce proceeding concluded that the husband was entitled

to a reduction in the amount the husband was required to pay to support both the child and the mother. In the absence of an order of the court to the contrary, the reduced amount —$150 a month—must continue to be divided evenly between the mother and the child. The taxpayer was therefore entitled to the exemption because she contributed more than half of the support for the child in 1948.

In view of the foregoing, we find it unnecessary to pass on the contention of the taxpayer, with which the Superior Court agreed in a dictum, that even under the Treasurer's figures whereby the taxpayer paid approximately 40 per cent of the child's support during 1948, she was entitled under all the circumstances to the exemption herein. *Cf. Mack* v. *Commissioner, supra; Massengale* v. *Commissioner*, 2 T.C. 328 (1943); *Carson* v. *Commissioner*, 47 B.T.A. 163 (1942); *Margaret F. Sutton*, 1944 T.C. Memorandum Decisions 1418.

The judgment of the Superior Court will be affirmed.

Mr. Justice Ortiz did not participate herein.