CASE 16.—ACTION TO SETTLE SUSAN MALLONE'S ESTATE, IN WHICH THE GUARDIAN AD LITEM OF A FEEBLE-MINDED HEIR, SEEKS TO CHARGE THE OTHER HEIRS WITH ADVANCEMENTS.—Oct. 28

# Crain, &c.. v Mallone, &c,.

Appeal from Hart Circuit Court.

SAMUEL E. JONES, Circuit Judge.

From the judgment Annie Lee Crain and another appeal—Affirmed.

1. Descent and Distribution—Advancements—Intent of Intestate —Effect.—A parent's intention in making an advancement cannot defeat Ky. St. 1903, section 1407, requiring property given a descendant to be charged against him on a distribution of the undevised estate.

2. Parent and Child—Adult—Child's Support—Parent's Duty.— One's duty to care for his child does not necessarily terminate when the child becomes an adult, and the parent must support a helpless adult child, if able to do so.

3. Descent and Distribution — Advancements — Helpless Adult Children.—Ky. St. 1903, section 1407, requiring property given a descendant to be charged against him on a distribution of the undevised estate, does not authorize a charge against a helpless adult child for the value of his support by his parent.

McCANDLESS & LORIMORE for appellants.

POINTS. AND AUTHORITIES.

1. The Virginia Hospitality Act does not apply in case of necessities furnished to an idiot. (3 Bush, 614; Frailey's Admr. v. Thompson, 20 Ky. Law Rep., 1179; Dance's Admr. v. Magruder, 26 Ky. Law Rep., 220.)

2. The act never applies to any person whether sui juris or not for extraordinary attention such as nursing, washing, furnish-

ing clothing and etc. (Frailey v. Thompson, 20 Ky. Law Rep., 1179; Dance's Admr. v. Magruder, 26 Ky. Law Rep., 220; Thomas v. McArthur, 7 Bush, 245; Schuster v. White, 106 Ky., 317; Turner v. Moberly's Admr., 14 Ky. Law Rep., 623; Mark's Admr. v. Boardman, 28 Ky. Law Rep., 455; Reynolds v. Reynolds, 13 Ky. Law Rep. 793; Wayman v. Wayman, 15 Ky. Law Rep., 374; Price v. Price, 19 Ky. Law Rep., 211; Lowe's Admr. v. Webster, 19 Ky. Law Rep., 1208.)

3. Susan E. Mallone was under no legal obligation to support or care for her adult child. (Central Ky. Asylum v. Knighton, 28 Ky. Law Rep., 2381.)

C. B. DOWLING, Guardian ad litem for appellee J. C. Mallone.

We submit, that to constitute an advancement must there not be the giving up of something of value on the part of the parent to the child, must not that giving deprive the remaining children of something of value in the division of the deceased parent's estate? Can the free and voluntary services of the parent given to a helpless child be counted as an asset of the deceased parent's estate? Can the services of a mother's love be counted in dollars and cents whereby one child may claim that its brother or sister received more than it did? I say a thousand times no, for a mother's services are something that are peculiarly hers which cannot be counted in a division of her property. (Bowles v. Winchester, 13 Bush; Clarke v. Clarke, 17 B. Mon., 708, 709.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Mrs. Susan Mallone died intestate, leaving surviving her three children—the appellant Annie Lee Crain, wife of L. F. Crain, and J. C. and W. S. Mallone. This action was brought to settle her estate and distribute the proceeds between her children. J. C. Mallone was a person of unsound mind, and the guardian ad litem appointed to defend for him sought to charge Mrs. Crain and W. S. Mallone with advancements made to them by Mrs. Mallone. Mrs. Crain and W. S. Mallone admitted in a pleading that they had received from their mother advancements

in land and money, amounting to the value of about $2,000 each; but they denied that they should be charged with these advancements for the benefit of J. C. Mallone; because, as they averred, he was some 45 years of age when his mother died, and had been destitute of mind since his infancy, and an idiot, and was supported and cared for all of his life by his mother; and that this care and attention for the years after he reached his majority was worth at least $200 per year, and that their mother, recognizing that she had in this way advanced to J. C. Mallone largely more than $2,000, for the purpose of making her other children equal with him, advanced to them $2,000 each. After this pleading was filed, W. S. Mallone not desiring to further contest the fact that he should be charged with $2,000, advanced to him, his name was stricken from the pleading denying that J. C. Mallone was not entitled to charge the other children with the advancements. Thereupon the demurrer filed by the guardian ad litem of J. C. Mallone to the answer of Mrs. Crain, setting up the reasons why she should not be charged in the settlement of the estate with the $2,000 advanced to her, was sustained; and, declining to amend, she prosecutes this appeal. So that the only question in the case is whether or not her answer presented a good defense.

Ky. St. 1903, section 1407, provides that: "Any real or personal property or money, given or devised by a parent or grandparent to a descendant, shall be charged to the descendant of those claiming through him in the division and distribution of the undevised estate of the parent or grandparent; and such party shall receive nothing further therefrom until the other descendants are made proportionately equal with him, according to his descendible and distribu-

table share of the whole estate, real and personal, devised and undevised. The advancement shall be estimated according to the value of the property when given. The maintaining or educating, or the giving of money to a child or grandchild, without any view to a portion or settlement in life, shall not be deemed an advancement.'' Therefore, unless the value of the services, attention, and care rendered by his mother to the idiot, J. C. Mallone, after he arrived at the age of 21 years, should be charged to him as an advancement, there is no escape from the conclusion that, under the statute, the appellant Mrs. Crain must in the settlement of the estate, as between herself and J. C. Mallone, be charged with the $2,000 advanced to her. The intention of Mrs. Mallone in making the advancements will not be allowed to defeat the statute, or to relieve the children who received the advancements from accounting for them. Bowles v. Winchester, 13 Bush, 1. Indeed, counsel for the appellant concede that, unless the answer of Mrs. Crain presented a defense, she must be charged with this sum. Their only contention is that, admitting as true the averments of their pleading, J. C. Mallone received in the way of advancements more than Mrs. Crain, and hence no account as between them should be taken of advancements in the settlement and distribution of the estate. In other words, their argument is that an idiotic and helpless adult child who is taken care of by his parents must in the settlement of the parent's estate be charged as an advancement with the value of the services, attention, and care rendered to him by the parent. It does not appear that J. C. Mallone had any estate aside from that received from his mother; so that whether or not his mother might under any circumstances have charged

him with and collected from his estate a reasonable sum for caring for him is not before us. Hence it is not necessary to particularly consider section 2178 of the Kentucky Statutes of 1903, providing that "any person other than the keeper of a tavern or house of private entertainment, who shall entertain in his house, or furnish him with diet or storage for his goods, not making an agreement for compensation therefor, shall not recover anything against the person so entertained or furnished with diet or storage, or against his estate, but the person so furnishing another shall be considered as doing the same of courtesy;" or the cases construing it, that hold that this statute does not apply to boarding, lodging, and attention bestowed upon an idiot or a person incapable of entering into a contract. Combs v. Beatty, 3 Bush, 613. The effort here is not to require a helpless adult child to contribute to or pay for his maintenance, but to permit the parent to charge the cost of maintaining as an advancement, and have the same deducted from the child's part of the estate. It is conceded that it is the duty of a parent to care for its infant child, and admitted that, except in rare cases, he will, not be permitted to charge for such services (Hedges v. Hedges, 73 S. W. 1112, 24 Ky. Law Rep. 2220) ; but insisted that, when the child arrives at the age of 21, the obligation and duty of the parent ends, and thereafter the child may be charged for the care and attention necessarily bestowed upon him. Based upon this premise is the argument of counsel that Mrs. Mallone had the right to charge J. C. Mallone as an advancement with the value of the services rendered him by her; but the premise is not sound. The duty and obligation of a parent to care for his offspring does not necessarily terminate when the

child arrives at age or becomes an adult; nor is it limited to infants and children of tender years. An adult child may from accident or disease be as helpless and incapable of making his support as an infant, and we see no difference in principle between the duty imposed upon the parent to support the infant and the obligation to care for the adult, who is equally, if not more, dependent upon the parent. In either case the natural as well as the legal obligation is the same, if the parent is financially able to furnish the necessary assistance. If the parent has no estate, or is indigent or otherwise unable to support his infant child, who is possessed with ample means, the chancellor when appealed to might make an allowance out of the child's estate; and, in the case of an unfortunate adult, the court under similar circumstances would grant relief. But this is not the case we are considering. Here the mother had ample estate. The adult child had none. The charge was not made by the mother to enable her to support her son, or because she was unable to render him freely and without charge the services performed. But her other children for their own benefit are seeking to have the interest inherited by the child charged by the amount expended in his support by his mother. This they cannot do. Certainly they do not occupy any better position in this particular than their mother. She could not have exacted from J. C. Mallone compensation because he had no estate, and she was financially able to care for him. Nor was the maintaining of J. C. Mallone by his mother with any view to a portion or settlement in life within the meaning of section 1407 of the statute, supra. It was done in the discharge of a filial duty that a mother owed to her helpless child. The advancements made

were only those necessary to sustain him from day to day, and can in no sense be considered as an advancement made with a view to a portion or settlement in life.

Nor are the views herein expressed in conflict with the opinion in Central Kentucky Asylum v. Knighton, 113 Ky. 156, 23 Ky. Law Rep. 2380, 67 S. W. 366. In that case the court was considering the meaning and effect of a statutory provision authorizing the State, under certain conditions, to recover from the parent the board of the child while an inmate of an asylum; and it was said that the statute only applied to infants, and not an adult child. It is true the court in the course of the opinion said: "Being entitled to the services of the child until of age, there is some reason for holding the parent to a legal liability when the necessities of the child require that he should be supplied with food and clothing. But when of full age, the parent being entitled to no control over the child, and having no right to his custody or services, no such legal obligation exists and none can be created by statute unless by consent of the parent. He may contract to support the child, and it would be binding, but not otherwise." This rule might be invoked in this case if it was sought by strangers to charge Mrs. Mallone with care and attention to her son—a question, however, it is not necessary to decide in this case. But the fact that the parent might not be liable to third persons for the support of adult children is a long step from proving that the parent may himself charge them under facts like the ones shown by this record. It does not follow from the proposition that the parent may be exempt from liability at the hands of third persons that he

is thereby permitted to charge for services and attention rendered by him.

Looking at the question as it is presented by the record, we cannot find any authority, statutory or otherwise, that would warrant us in holding that J. C. Mallone should be charged as an advancement with his maintenance; and the judgment of the lower court is affirmed.