# GERTRUDE SAYNE v. A. FRANK SAYNE.—284 S. W. (2d) 309.

Eastern Section. June 8, 1955.

Rehearing denied, July 18, 1955.

Petition for Certiorari denied by Supreme Court, November 7, 1955.

A. J. Hartman, of Knoxville, for Gertrude Sayne.

O. L. White, of Knoxville, for A. Frank Sayne.

McAMIS, P. J.   This is a divorce suit. The principal questions are (1) whether Irene Sayne, a daughter of the parties, 27 years of age, is suffering from such mental and physical disabilities as to warrant an allowance for her future support and, if so, (2) whether the court, in making an allowance for support of an adult child, exceeded its jurisdiction and went beyond the terms of the statute, Code, Sec. 8454, providing:

"In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit, or to some suitable person, as the welfare and interest of the child or children may demand; and the court may decree that suitable support be made by the father.   Such decree shall remain within the control of the court and be sub-

ject to such changes or modification as the exigencies of the case may require.''

(A number of other questions are made by the assignments but we understood from the statement of counsel for appellant, A. Frank Sayne, that the foregoing are the only questions now insisted upon. If we misunderstood the statement of counsel for appellant he is invited to call the matter to our attention by petition to rehear.)

█ We concur in the finding of the Circuit Judge that the disabilities of the daughter, Irene, for all practical purposes, incapacitate her from earning a living. She suffered, as a child, with rickets and has been hospitalized a number of times for the removal of bone tumors, has had mastoid troubles and, while able to stay at home alone, her nervous condition is such as to make her easily upset. She testified that she is unable to work. Her mother so testified and there is little proof to the contrary.

██ If the father's obligation of support continues after a disabled child who has not been emancipated and who resides in the home reaches majority, a question hereinafter considered, we think our courts have jurisdiction to make a suitable award for support.

It will be observed from a careful reading of the Statute, supra, that, after conferring upon the court the power to control custody ''as the welfare and interest of the child may demand'', the court is given the broad power to decree that the father make suitable payments for the child's support. Nothing in the statute, either expressly or by implication, limits this power to children under 21 years of age. Instead, it couples custody and support, giving rise to an inference that wherever custody must be awarded to one of the parties, as here, the power of the court to fix an allowance for support exists. There

is as much need to award custody in a case like the present as in cases where the child is too young to be free from parental control.

We come, then, to the final question of whether the legal obligation of the father had terminated at the time the court granted the mother a divorce and directed the father to pay $10 per week for the support of the daughter.

The proof shows that the daughter's disability has been continuous from childhood; that she has never been emancipated and that she has continuously resided in the home of her father and mother. We do not appear to have a case defining the duties of a father under such circumstances. Cases elsewhere reflect some divergence of views. Annotations 42 A. L. R. 154, 1 A. L. R. (2d) 914.

A number of cases hold that, in the absence of a statute imposing liability, the parent, even though able to provide support, is under no obligation to support an adult child unable to support and care for itself. Napa State Hospital v. Flaherty, 134 Cal. 315, 66 P. 322; in re Northcutt, 81 Or. 646, 148 P. 1133, 160 P. 801; Coldingham Parish Council v. Smith, [1918] 2 K. B. (Eng.) 90; Thiessen v. Moore, 105 Ohio St. 401, 137 N. E. 906; These cases appear to be predicated on the view that the common-law duty of a parent to support a child terminates when the child reaches his majority and that the courts cannot extend this duty beyond the age of 21 years.

Other courts, now clearly in the majority, reflect a growing tendency to follow what they term the "humanitarian rule", forsaking "the hard rules of the common law governing domestic relations and to substitute the more humane rules of the civil law in respect to such matters". Sheneman v. Manring, 152 Kan. 780, 107 P. (2d) 741, 742.

A leading case following this rule is Wells v. Wells, 227 N. C. 614, 44 S. E. (2d) 31, 34, 1 A. L. R. (2d) 905, where the court posed the question thus:

"[T]he child may have the same need of support, care and maintenance after reaching that age [majority] as before. If so, does the obligation of the father to provide necessary support to such child terminate at that time? The dictates of humanity, which the law follows, answer 'No.'"

The court, in that case, quotes with approval the following text statement, 39 Am. Jur. 630:

"'Generally, when a child arrives at the age of majority the parent is no longer under legal obligation to support him, but where a child is of weak body or mind, unable to care for itself after coming of age, and remains unmarried and in the parents' home, it has been held that the parental rights and duties remain practically unchanged, and that the parent's duty to support the child continues as before. The obligation to support such a child ceases only when the necessity for the support ceases.'"

Among cases cited in the footnotes is Breuer v. Dowden, 207 Ky. 12, 268 S. W. 541, 42 A. L. R. 146. Further exposition of the rule by the same court appears in the case of Crain v. Mallone, 130 Ky. 125, 113 S. W. 67, 68, 22 L. R. A., N. S., 1165, where it was said:

"The duty and obligation of a parent to care for his offspring does not necessarily terminate when the child arrives at age or becomes an adult; nor is it limited to infants and children of tender years. An adult child may from accident or disease be as helpless and incapable of making his support as an infant, and we see no difference in principle between the duty imposed upon the parent to support the infant and the obligation to care for the adult,

who is equally, if not more, dependent upon the parent. In either case the natural as well as the legal obligation is the same, if the parent is financially able to furnish the necessary assistance.''

Cases too numerous to cite adopting and following this view are to be found in an annotation appended to Wells v. Wells, supra, at 1 A. L. R. (2d) 920. It will be noted that some of these cases limit liability to cases where the child has never been emancipated, is incapacitated, unmarried and living in the home of the parent upon attaining majority and is without property or other means with which to provide for his own support. We need not consider these qualifications of the majority rule since the facts here appearing fail to bring the case within any of them. The record does contain a casual reference to a lot of small value owned by the daughter but we find no pleading or other indication that liability was resisted in the circuit court on this ground. We think the majority rule is sound and proper and that, under the facts of this case, the father remained liable at the date of the decree of divorce. There was no error, therefore, in requiring the father to contribute to the support of the child.

The decree will be affirmed and the cause remanded for its enforcement and to permit the appellant to obtain a set of tools from appellee under the direction of the court. We hold that appellant is entitled to possession of this property without condition or qualification. The question of the effect, if any, of the child's property holdings upon the father's future obligation for support and the amount thereof is reserved for consideration of the court on the remand. The cause will, of course, remain on the docket and subject to future modification. Costs, including costs of appeal, are taxed to appellant.

ON PETITION TO REHEAR

McAMIS, P. J.   Appellant has filed a petition to rehear requesting us to hold that the property of the daughter must first be completely exhausted before requiring that he contribute to her support.

█   We intended by our original opinion to reserve for the consideration of the trial court on the remand the question of what diminution in the future support of the daughter, if any, should be made because of her property holdings.   Doubtless, if that court has not already done so, the daughter's property holdings will be considered in relation to the capabilities of the father at any given time in the future.   We cannot hold that her holdings be completely exhausted before there will be any duty on the part of appellant to contribute in any amount.   The daughter's ability to provide for herself out of her own means must always be considered in relation to the ability of appellant to provide for her at least some part of her support.

With this clarification the petition to rehear must be denied at the cost of appellant.

Hale and Howard, JJ., concur.