Kenneth YOUNG, Appellant,

v.

Ruth I. YOUNG, Appellee.

Court of Appeals of Kentucky.

March 17, 1967.

Rehearing Denied May 12, 1967.

Clinton R. Burroughs, Oldham, Burroughs & Miller, Louisville, for appellant.

Martin F. Sullivan, Jr., Louisville, for appellee.

OSCAR SAMMONS, Special Commissioner.

The facts of this case are not in dispute. On March 9, 1956, a divorce judgment was entered between the appellee, Ruth I. Young, (now Ruth I. Colbert), and the appellant, Kenneth Young. The custody and control of the two children was awarded to appellee. The judgment made no mention of support for the two children. Kenneth Young has, however, made contributions toward the support, education and maintenance of the two children.

At the time the motion for a rule was instituted, Ester was 20 years of age and Sharon was 17 years of age. The rule was returnable July 20, 1965. Sharon became 18 years of age on August 17, 1965. The chancellor, on December 7, 1965, ordered appellant to pay the sum of $25.00 per week for the support of the two girls, effective July 20, 1965, and to continue paying the same until changed by order of the court.

The statutes applicable to this case are KRS 405.020(1) and KRS 403.070.

KRS 405.020(1) reads as follows:

"The father and mother shall have the joint custody, nurture and education of their *minor* children. If either of the parents dies, the survivor, if suited to the trust, shall have the custody, nurture and education of the *minor* children. The father shall be primarily liable for the nurture and education of his *minor* children." (Emphasis added).

KRS 403.070 provides:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the

parties and any of their children of unsound mind. * * *"

The early opinions of this Commonwealth held that a parent had no legal obligation to support his child after it reached its majority, which was twenty-one years of age. See Commonwealth v. Willis Exr., 7 Ky.Law Rep. 677; Central Kentucky Asylum for Insane v. Knighton, 113 Ky. 156, 67 S.W. 366. The rule was relaxed, however, in Crain v. Malone, 130 Ky. 125, 113 S.W. 67, 22 L.R.A.,N.S., 1165 and Brewer v. Dowden, 207 Ky. 12, 268 S.W. 541, 42 A.L.R. 146, where it was recognized that a father may become liable for support of an adult child if the child is so weak in mind or body as to be incapable of care for himself.

Certainly, the two young ladies involved in this litigation do not come under the statutory requirement of "unsound mind," nor the exception in the cases of being so weak in body or mind as to be incapable of caring for themselves.

This action was brought after KRS 2.015 became effective and it provides:

"Persons of the age of eighteen years are of the age of majority for all purposes in this Commonwealth except for the purchase of alcoholic beverages and for purposes of care and treatment of handicapped children, for which twenty-one years is the age of majority."

The enactment of KRS 2.015 was within the realm of legislative powers and this court is without the power to amend, alter or change that which has been done by the legislature in the exercise of their duty. In the absence of a contract the legal obligation of a father to support his children terminate upon their reaching their eighteenth birthday. There may exist a moral obligation for a father to assist his children in acquiring a college education but this is not legally enforceable.

The circuit court had no authority to require the appellant to make payments for the support of either of the children after they reached eighteen years.

The judgment is reversed.

All concur.