Betty A. STEVENS (Raymond),
Plaintiff–Appellant,

v.

Larry J. RAYMOND,
Defendant–Appellee.

Court of Appeals of Tennessee,
Middle Section.

March 22, 1989.

Permission to Appeal Denied by
Supreme Court May 30, 1989.

Clark L. Shaw, Nashville, Tenn., for plaintiff-appellant.

James B. Dunn, Nashville, Tenn., for defendant-appellee.

OPINION

TODD, Presiding Justice.

In this divorce case, the mother filed a post-decree petition for contempt for failure to pay child support and for increase of child support. The Trial Court denied the requested increase, and the mother appealed.

■ Since the judgment of the Trial Court does not dispose of all issues presented by the petition, it appears that said judgment is not final, is subject to revision by the Trial Court at any time before entry of a final judgment and is not appealable as of right. T.R.A.P. Rule 3(a).

Ordinarily an appeal from such a judgment would be dismissed as premature; but, in view of the advanced stage of the proceedings before this Court, the infirmity is waived and the issue presented will be resolved, but without prejudice to the prerogative of the Trial Judge to revise the judgment as set out in Rule 3(a).

The single issue presented in this appeal is:

Whether the Court erred in its interpretation of Tenn.Code Ann. 34–1–101(b) as to whether or not a child is a member of a class that graduates ahead of the child due to the fact that the child failed an earlier grade.

There is no transcript or statement of the evidence, but the memorandum of the Trial Court contains a finding of fact which is not challenged and which may be considered in lieu of a record of the evidence. *J.C. Bradford & Co. v. Martin Construction Co.*, Tenn.1979, 576 S.W.2d 586.

The memorandum of the Trial Judge reads as follows:

This cause came on for hearing on August 24, 1988 upon petitioner's motion to increase child support. The parties having submitted briefs pursuant to the Court's instructions and the Court having considered the same finds as follows after taking the matter under advisement:

The facts presented in this case are few and relatively undisputed. The child born of this marriage, Kimberly Dawn Raymond, was seriously injured in an automobile accident on June 7, 1988 as a result of which she is presently and for the foreseeable future in a coma and confined to a nursing home in Columbia, Tennessee. The child is now an adult having reached her majority on March or April 4, 1988.

The question presented for determination is the noncustodial parents duty to continue support of a disabled adult child. The Court in rendering its decision is guided by T.C.A. 34–1–101(b) which provides:

> Parents or guardians shall continue to be responsible for the support of any child or children for whom they are responsible after the age of 18 if such child or children are in high school. Such duty of support shall continue *until the child graduates or the class of which the child is a member graduates, whichever occurs first.* (emphasis added).

Kimberly Raymond did not graduate with her class in June of 1988 due to her inadequate academic performance in the seventh grade. Barring her failure of the seventh grade, Kimberly Raymond would have graduated with her class in June of 1988. Even assuming arguendo that Kimberly Raymond had not failed the seventh grade and had graduated with her class, the result in this matter would be the same being as the accident occurred on June 7, 1988, a date occurring after her reaching majority and after her intended graduation from high school.

For the above reasons and in accordance with T.C.A. 34–1–101(b) petitioner's request for child support is respectfully denied.

The judgment reads as follows:

It is therefore ORDERED, ADJUDGED and DECREED that the petitioner's request for child support is Denied.

It is seen that the judgment of the Trial Court goes beyond the scope of the pleadings (i.e. the petition) which requested an *increase* in support. There is no pleading in the record requesting a termination of support.

However, it is reasonably inferrable that the intent of the memorandum and judgment were to hold that no increase should be granted because no support at all was in order. The briefs of the parties appear to be based upon this interpretation which will be followed by this Court.

T.C.A. § 36–5–101(a)(5), enacted in 1987, provides:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Further, such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.

In view of the quoted statute, it is doubtful that the Trial Judge was authorized to enter a memorandum/order which terminated child support prior to the filing of a petition requesting such relief. However, this apparent infirmity will likewise be disregarded in the interest of reaching and disposing of the stated issue.

T.C.A. 34–1–101 reads in pertinent part as follows:

> (b) Parents or guardians shall continue to be responsible for the support of any child or children for whom they are responsible after the age of eighteen (18) if such child or children are in high school. *Such duty of support shall continue until the child graduates or the class of which the child is a member graduates, whichever occurs first.* [Acts 1923, ch. 41, § 1; 1927, ch. 79, § 1; mod. Code 1932, § 8463; T.C.A. (orig. ed), § 34–010; Acts 1984, ch. 668, § 1.] (Emphasis supplied)

The Trial Court found that, barring her failure of the seventh grade, the child would have graduated with her class "in June of 1988", and that the child was severely injured on June 7, 1988, resulting in a coma from which she has not recovered.

During oral argument of this appeal, it was conceded by counsel that, if the injury and disability occurred at a time when her parents were responsible for her support, then the responsibility of support would continue during the continuance of the disability. *Sayne v. Sayne*, 39 Tenn.App. 422, 284 S.W.2d 309 (1956).

■ The statute (T.C.A. § 34–1–101, supra) provides that the duty of support of a minor child continues until the child graduates or until the class of which the child is a member graduates, whichever occurs first. It is conceded that the child has not graduated. The Trial Court was of the opinion that "the class of which the child was a member" was the class in which she would have graduated if she had not failed the seventh grade, that is, the group of students with which the child originally entered the first grade of school. This Court does not agree with this interpretation of the statute for the reasons hereafter stated. However, even if the interpretation of the Trial Court should be correct, there is no evidence in this record that the class of which the child (should have been a member) graduated before her injury and disability. The only evidence of the date of the 1988 graduation is the finding "in June of 1988". The graduation may have occurred prior to June 7, 1988, or it may have occurred at some time in June after June 7, 1988. This Court has no basis upon which to determine that the graduation of the class of which the child (should have been) a member occurred prior to her disability.

For this reason alone, the judgment of the Trial Court must be reversed.

■ Moreover, reversal is required by the verbiage and enactment date of the statute which states that the duty of support "shall continue until ... the class of which the child *is* a member graduates...." The present tense, *is*, cannot refer to a status at a time prior to the date of the enactment of the statute. The quoted portion of the statute was enacted as Chapter 688 of the Public Acts of 1984, passed April 26, 1984, approved May 11, 1984, and effective upon becoming law. On the date of the passage of said act and on its effective date, the child had already failed the seventh grade and was in a class scheduled for graduation in 1989. Her disability in June, 1988, therefore clearly occurred prior to the time when "the class of which she is a member graduates".

■ Furthermore, this Court holds that the "class of which the child *is* a member" is the class of which the child happens to be a member on the child's 18th birthday. In the present case, on April 4, 1988, when the child reached 18, she was a member of the junior class which was not scheduled to graduate until June 1989, one year after her injury, she was a dependent child of her parents and, under the holding of *Sayne v. Sayne*, supra, the duty of support continues during the continuance of her disability.

The judgment of the Trial Court is reversed and the cause is remanded for the disposition of all pending issues including the issue of the amount of support which the father should be required to contribute under the circumstances. Costs of this appeal are taxed against the appellee.

Reversed and remanded.

LEWIS and KOCH, JJ., concur.