IN THE COURT OF APPEALS OF TENNESSEE

FILED

February 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| JOHN EDMUND STREUN, | ) C/A NO. 03A01-9707-CV-00299 |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) APPEAL AS OF RIGHT FROM THE |
| | ) HAMILTON COUNTY CIRCUIT COURT |
| v. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| DELORES JEAN STREUN, | ) |
| | ) HONORABLE ROBERT M. SUMMITT, |
| Defendant-Appellee. | ) JUDGE |


For Appellant

CHARLES D. PATY
Paty, Rymer & Ulin, P.C.
Chattanooga, Tennessee

For Appellee

GLENNA M. RAMER
Chattanooga, Tennessee


O P I N I O N


REVERSED IN PART
AFFIRMED IN PART
REMANDED

Susano, J.

This is a divorce case. Following a bench trial, the court awarded Delores Jean Streun ("Wife") an absolute divorce on the ground of inappropriate marital conduct, divided the parties' property, and ordered John Edmund Streun ("Husband") to pay periodic alimony *in futuro* of $350 per month. Husband appealed, arguing, in effect, that the evidence preponderates against the trial court's determination that Wife was entitled to periodic alimony *in futuro*. Wife contends that the alimony award is appropriate. She submits an additional issue -- that, in her words, "the trial court erred in not enforcing the parties' settlement agreement of November 7, 1995."

In this non-jury case, the record of the trial court's proceedings comes to us with a presumption of correctness as to the trial court's factual findings. We must honor this presumption "unless the preponderance of the evidence is otherwise." Rule 13(d), T.R.A.P. The trial court's conclusions of law are not accorded the same deference. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996); ***Presley v. Bennett***, 860 S.W.2d 857, 859 (Tenn. 1993).

In a divorce case, a "court may make an order and decree for the suitable support and maintenance of either spouse by the other spouse, or out of either spouse's property, ... according to the nature of the case and the circumstances of the parties." T.C.A. § 36-5-101(a)(1). The threshold question is whether the spouse requesting alimony is "economically disadvantaged, relative to the other spouse." T.C.A. § 36-5-101(d)(1). Pursuant to the provisions of T.C.A. § 36-5-

2

101(d)(1)(A)-(L), there are twelve factors that a court should consider "[i]n determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment." The "real need" of the requesting spouse "is the single most important factor." *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn.App. 1989). *See also* **Aaron v. Aaron**, 909 S.W.2d 408, 410 (Tenn. 1995). "In addition to the need of the disadvantaged spouse, the courts most often consider the ability of the obligor spouse to provide support." *Cranford*, 772 S.W.2d at 50. A trial court has broad discretion in making an alimony determination. *Aaron*, 909 S.W.2d at 410. In any event, alimony in excess of need is punitive, and, hence, should not be awarded. *Duncan v. Duncan*, 686 S.W.2d 568, 571 (Tenn.App. 1984). Alimony is not designed to punish an errant spouse. *Id*.

The parties to this litigation were the only witnesses who testified as to facts relevant to the subject of alimony. With the exception of two exhibits that are not directly related to the issue of alimony, the only documents introduced at trial were the financial affidavits of the parties.

Wife presented an income and expense affidavit, reflecting the following:

```
Net monthly income from employment        $1,338.39

Less: Expenses
      Regular monthly expenses $1,470.71
      Other expenses of Wife      318.00
      Expenses of two adult
         children                 485.00   2,273.71

Alleged shortfall                         <$  935.32>
                                          =========
```

3

Husband does not challenge the correctness of many of Wife's expenses; but he does challenge the inclusion in her affidavit of the expenses of his two adult children.[1]  He also questions the accuracy of Wife's "regular monthly expenses" of $1,470.71, which include, in her words, an "auto payment, credit cards, automatic payroll deduction for loan with credit union, etc." of $788.  Unfortunately, the record does not reflect a breakdown of these monthly credit card and note payments.  A breakdown would have been helpful since the trial court's judgment provides that "the outstanding indebtedness of the parties" is to be paid from the sale of the parties' two unimproved lots and, further, that certain other debts are to be paid directly by Husband.  Be that as it may, it is clear from the record that Wife's monthly credit card and note payments, post-divorce, will not amount to $788 as set forth in her affidavit.

It is also clear that Wife earns more than the $20,363.20[2] annual gross income claimed on her affidavit.  She admitted that she worked some overtime for her employer, Olan Mills -- overtime that is not reflected on her affidavit.  She testified that her W-2 wages from Olan Mills in 1995 were "probably" $23,000.  Furthermore, Wife testified that she earned money from two other sources, neither of which is reflected in her income and expense statement:

---

[1]Wife's complaint did not seek to predicate a child support request on the theory that either of these children was disabled to the extent that child support beyond the age of majority would be justified. *Cf.* **Stevens v. Raymond**, 773 S.W.2d 935, 938 (Tenn.App. 1989).  One of the children was employed and Wife's counsel acknowledged at trial that the other child, while unemployed, was not disabled.

[2]$391.60 per week x 52 weeks.

4

> Q In addition to trying to work overtime, do you have other things that you do try to do to generate money?
>
> A Yes, ma'am, I do.  I do hair on the side to try to make extra money.  I also do wallpaper on the side to make some extra money.

Particularly significant to the question of alimony is the following exchange during Wife's cross-examination:

> Q If you didn't have your son to support or your daughter, you could support yourself, couldn't you?
>
> A Just on my own, yes, but I have to have a home for my children as long as they need me.

We are required, in our *de novo* review, to determine the preponderance of the evidence in this case.  Considering only Wife's testimony, we find that the evidence preponderates against her claimed need for alimony.  It is clear that she cannot claim her children's expenses to support her alimony request.  Husband is not obligated for these expenses.  *See* T.C.A. § 34-11-102(b).  It is likewise clear, again only considering Wife's testimony, that the income on her affidavit is understated and that her monthly credit card and note payments are overstated.  Finally, Wife acknowledged that she had sufficient income to support herself.  The alimony award cannot stand.

By way of a separate issue, Wife contends that the trial court erred in failing to enforce the "parties' settlement agreement of November 7, 1995."  We find that Wife has waived this alleged error.

5

It is clear from the record that the parties met on November 7, 1995, and reached an agreement regarding substantially[3] all of the pending issues.  It is likewise clear that, following their settlement conference, the parties announced the details of their settlement in open court.  Without opposition from Husband, Wife asked that she be granted a divorce on the ground of inappropriate marital conduct.  The court refused to do so, believing, incorrectly, that it was precluded from doing so because Wife did not have a corroborating witness.[4] Instead, the court orally awarded a divorce on the ground of irreconcilable differences, even though the parties had not reduced their agreement to writing.[5]  On a day subsequent to the announcement, and before a judgment was entered, Husband repudiated the agreement and this case proceeded to a contested hearing before the trial court.

A transcript of the November 7, 1995, settlement announcement was introduced at trial; but the court refused to precisely follow its terms.  We do not find this to be reversible error in this case.

We acknowledge that the facts of this case are somewhat similar to the case of **_REM Enterprises, Ltd. v. Frye_**, 937 S.W.2d 920 (Tenn.App. 1996) where we held that a detailed settlement

---

[3]Husband points out that the November 7, 1995, agreement did not address Wife's retirement account at Olan Mills.  That fund was equally divided by the court in its judgment.

[4]_Cf._  T.C.A. § 36-4-129.

[5]It is clear that a divorce on the ground of irreconcilable differences should only be granted after the parties have executed a written marital dissolution agreement.  _See_ T.C.A. § 36-4-103(b).

6

announced in open court and acknowledged to be such by the parties at that court session was binding even though disavowed by one side before the judgment was entered. *Id*. at 921-22. In so holding, we distinguished *Harbour v. Brown for Ulrich*, 732 S.W.2d 598 (Tenn. 1987) where the parties announced to the court that they had reached a settlement but failed to state the terms of the settlement. In *Harbour*, the court allowed a party to repudiate the settlement, noting that "a valid consent judgment cannot be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment." *Id*. at 599. In the instant case, however, we do not find it necessary to reach the issue raised by Wife. This is because we find that wife has waived this alleged error.

Following the hearing below, the court entered its judgment. After the judgment was entered, counsel for the parties approved an "Agreed Order" which was subsequently signed and entered by the trial court. In addition to modifying the judgment, the Agreed Order prescribes terms regarding the court's division of assets and debts that are at variance with the terms of the parties' agreement of November 7, 1995. Significantly, the Agreed Order does not reserve to Wife the right to raise the issue of the enforceability of the earlier agreement. In effect, by approving the Agreed Order, Wife has assented to certain terms of the division of property and debts now before us. Even assuming, solely for the purpose of discussion, that the earlier agreement was enforceable, we could not enforce it now since it conflicts with the terms of Wife's most recent agreement. By *agreeing* to change the court's judgment, Wife has waived the

7

issue now being raised by her. *See* Rule 36(a), T.R.A.P. ("Nothing in this rule shall be construed as requiring relief be granted to a party...who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.")

So much of the judgment of the trial court as awards Wife periodic alimony *in futuro* of $350 per month is hereby reversed. The remainder of the court's judgment is affirmed. Costs on appeal are taxed to the appellee. This case is remanded for enforcement of the trial court's judgment, as modified by this opinion, and for collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.

8