# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **JOHN THEDFORD DAY**, | ) | Shelby County Circuit Court |
|  | ) | No. 51684 R.D. |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 02A01-9805-CV-00141 |
|  | ) |  |
| **VICI MARTHA DAY GATEWOOD**, | ) |  |
|  | ) |  |
| Defendant/Appellee. | ) |  |
|  | ) |  |

# FILED

**April 30, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable James F. Russell, Judge**

**Valerie T. Corder**, Memphis, Tennessee
Attorney for Plaintiff/Appellant.

**Lawrence W. Kern**, Memphis, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**REVERSED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.**: (Concurs)

This appeal involves a dispute between Plaintiff John Thedford Day and Defendant Vici Martha Day Gatewood regarding Mr. Day's obligation to pay child support for the benefit of Sean, the parties' adult son. Mr. Day and Mrs. Gatewood were divorced in November of 1976, when Sean was almost seven years of age. Consistent with the terms of the parties' marital dissolution agreement, the trial court granted custody of Sean to Mrs. Gatewood and ordered Mr. Day to pay child support in the amount of $150.00 per month. In June of 1984, when Sean was fifteen years of age, Mrs. Gatewood filed a petition to increase the amount of Mr. Day's child support obligation. By consent, the trial court entered an order providing that Mr. Day would pay $250.00 per month in child support until Sean reached the age of majority. On January 9, 1987, Sean reached the age of majority. Thereafter on April 25, 1987, Sean was involved in an automobile accident. Despite the injuries received as a result of this accident, Sean graduated from high school in May of 1987.

In May of 1989, when Sean was twenty years of age, Mrs. Gatewood filed a petition seeking a continuation of Mr. Day's child support obligation. In support of this petition, Mrs. Gatewood alleged that Sean had sustained severe brain damage as a result of the aforementioned automobile accident, rendering him totally disabled and unable to support or care for himself. Mrs. Gatewood's petition was dismissed by voluntary non-suit in December of 1989. In May of 1993, when Sean was twenty-four years of age, Mrs. Gatewood filed a petition requesting a declaration that Sean was incapable of adequately supporting himself and requiring the continuation of Mr. Day's child support obligation. By consent, the trial court subsequently entered an order stating that Sean was unable to support himself and providing that Mr. Day would pay $50.00 per week as child support. Finally, in July of 1997 when Sean was twenty-eight years of age, Mr. Day filed a petition asking the trial court to terminate his child support obligation. In support of this petition, Mr. Day alleged that Sean was no longer completely and totally handicapped and was able to work and contribute to his own support. After a hearing on the matter, the trial court denied Mr. Day's petition to terminate child support. This appeal followed.

On appeal, Mr. Day's position is that the trial court did not have subject matter jurisdiction to entertain Mrs. Gatewood's 1993 petition for continuation of child support and that, consequently, the consent order requiring him to pay $50.00 per week as child support is void and unenforceable. The concept of subject matter jurisdiction, as opposed to territorial jurisdiction,

involves the court's authority to hear a particular type of case. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994); *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988), *overruled on other grounds by Five Star Express, Inc. v. Davis*, 866 S.W.2d 944, 950 (Tenn. 1993). Subject matter jurisdiction can only be conferred by statute or constitution. *See Landers*, 872 S.W.2d at 675; *Turpin*, 761 S.W.2d at 297; *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). The issue of subject matter jurisdiction is not waivable and thus may be raised at any time, regardless of whether any objection to the assertion of jurisdiction was made at the trial court level. *See State ex rel. Dep't of Social Servs.*, 736 S.W.2d 84, 85 n.2 (Tenn. 1987); *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. App. 1988). Any order entered by a court without subject matter jurisdiction is a nullity and is therefore unenforceable. *See Scales*, 760 S.W.2d at 953; *Ward v. Lovell*, 113 S.W.2d 759, 760 (Tenn. App. 1937).

In the instant case, the parties do not dispute that the trial court had subject matter jurisdiction at the time of its original order requiring Mr. Day to pay child support. Such orders are expressly authorized by sections 36-5-101 and 36-6-101 of the Tennessee Code Annotated, which provide in pertinent part as follows:

> Whether the marriage is dissolved absolutely, or a perpetual or temporary separation is decreed, the court may make an order and decree for the suitable support and maintenance of either spouse by the other spouse, or out of either spouse's property, and of the children, or any of them, by either spouse or out of such spouse's property, according to the nature of the case and the circumstances of the parties, the order or decree to remain in the court's control;

Tenn. Code Ann. § 36-5-101 (a)(1) (Supp. 1998).

> In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit or to both parties in the instance of joint custody or shared parenting, or to some suitable person, as the welfare and interest of the child or children may demand, and the court may decree that suitable support be made by the natural parents or those who stand in the place of the natural parents by adoption. Such decree shall remain within the control of the court and be subject to such changes or modification as the

exigencies of the case may require.

Tenn. Code Ann. § 36-6-101 (a)(1) (Supp. 1998). Under these provisions, the divorce court's jurisdiction is continuous, allowing for modification of the court's original order. *See* Tenn. Code Ann. § 36-5-101 (a)(1) (Supp. 1998)("the order or decree to remain in the court's control"); Tenn. Code Ann. § 36-6-101(a)(1) (Supp. 1998)("Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require."). *See also* Tenn. Code Ann. § 36-6-101(b) (Supp. 1998)("Jurisdiction to modify or alter such decree shall remain in the exclusive control of the court which issued such decree.").

The provisions cited above authorize the divorce court to order support for a "child," "minor child," "children," or "minor children" of the parties. *See* Tenn. Code Ann. § 36-5-101(a)(1) (Supp. 1998); Tenn. Code Ann. § 36-6-101(a)(1) (Supp. 1998). Under Tennessee's domestic relations statutes, the terms "child" and "children" refer to "any person or persons under eighteen (18) years of age." Tenn. Code Ann. § 36-1-102(11) (Supp. 1998). Throughout the Tennessee Code Annotated, with two exceptions,[1] the term "minor" also refers to a person who has not yet attained eighteen years of age. *See, e.g.,* Tenn. Code Ann. § 1-3-105(1) (Supp. 1998). Thus, the express language of the aforementioned statutes suggests that the divorce court's authority to order child support is limited to cases in which the parties' child or children are under the age of eighteen. In the instant case, Sean was twenty-four years of age on the date that Mrs. Gatewood filed her 1993 petition requesting continuation of Mr. Day's child support obligation. Consequently, Mr. Day argues that the trial court did not have authority to approve the parties' subsequent consent order that required him to pay $50.00 per week as child support for Sean.

As a general rule, the legal duty of a parent to support his or her child terminates when the child reaches the age of majority. *See, e.g., Barnhill v. Barnhill*, 826 S.W.2d 443, 451 (Tenn. App. 1991)(citing *Parker v. Parker*, 497 S.W.2d 572, 575 (Tenn. 1973); *Whitt v. Whitt*, 490

---

[1]The age of majority for purposes of purchasing, consuming, possessing, or transporting alcoholic beverages is twenty-one years of age. *See* Tenn. Code Ann. § 1-3-105(1) (Supp. 1998); Tenn. Code Ann. § 1-3-113(b) (Supp. 1998). Additionally, under the Tennessee Uniform Transfers to Minors Act, the term "minor" refers to "an individual who has not attained twenty-one (21) years of age, although the minor may already be of legal age." Tenn. Code Ann. § 35-7-202(11) (1996).

S.W.2d 159, 160 (Tenn. 1973)). The courts of this state have recognized an exception to this rule, however, where the child becomes disabled during minority and consequently is incapable of earning a living. In *Sayne v. Sayne*, 284 S.W.2d 309 (Tenn. App. 1955), the trial court ordered Mr. Sayne to pay child support for Irene, his twenty-seven year old daughter who had been disabled since childhood. *See id.* at 310. On appeal, this Court first concluded that, even though Irene had reached the age of majority, the trial court retained subject matter jurisdiction to address the issue of child support. *See id.* at 311. This conclusion was based solely on the court's finding that there was no statutory authority in Tennessee expressly or implicitly limiting the trial court's authority to award support for adult children. *See id.* The court then discussed the majority approach as follows:

> Generally, when a child arrives at the age of majority the parent is no longer under legal obligation to support him, but where a child is of weak body or mind, unable to care for itself after coming of age, and remains unmarried and in the parents' home, it has been held that the parental rights and duties remain practically unchanged, and that the parent's duty to support the child continues as before. The obligation to support such a child ceases only when the necessity for the support ceases.

*Id.* (quoting 39 Am. Jur. 630). Joining the majority of jurisdictions, the court held that, under the circumstances with which it was presented, the trial court properly required Mr. Sayne to contribute to Irene's support. *See id.* at 312. This Court has recognized the exception established by *Sayne* on several subsequent occasions. *See Smith v. Smith*, No. 03A01-9410-GS-00391, 1995 WL 140763, at *1 (Tenn. App. Sept. 25, 1995); *Mingle v. Mingle*, No. 01A01-9305-CH-00197, 1993 WL 377609, at *2 (Tenn. App. Sept. 24, 1993); *Burks v. Burks*, No. 6, 1991 WL 12846, at *4 n.2 (Tenn. App. Feb. 8, 1991); *Barnhill*, 826 S.W.2d at 451 n.4; *Stevens v. Raymond*, 773 S.W.2d 935, 938 (Tenn. App. 1989); *Hodge v. Hodge*, No. 753, 1988 WL 55729, at *1 (Tenn. App. June 2, 1988).

The Eastern section of this Court has recently considered two separate cases involving issues similar to those presented in the case at bar. In *Kilby v. Kilby*, No. 03A019712-CH00549, 1999 WL 76065 (Tenn. App. Jan. 28, 1999), the parties' 1994 divorce decree provided for joint custody of Shannon, the parties' minor child. *See id.* at *1. As the result of a stroke suffered during infancy, Shannon was blind, mentally retarded, and required constant care. *See id.* In 1995, after

the child's eighteenth birthday, Mrs. Kilby filed a petition with the divorce court seeking full custody of Shannon. *See id.* at *2. In his response, Mr. Kilby also sought sole custody of Shannon but questioned whether the divorce court had authority to enter an order regarding the custody of a handicapped adult child. *See id.* Determining that it did, in fact, have this authority, the trial court placed Shannon in the sole custody of Mrs. Kilby and ordered Mr. Kilby to pay support for his adult child. *See id.* On appeal, this Court reversed the ruling of the trial court, holding as follows:

> It is clear that the meaning of the word minor in the Tennessee Code designates a person under the age of 18 and, therefore, the Trial Court had no jurisdiction to hear this matter and to modify the physical custody of Shannon under the agreed divorce decree. Rather, the procedures contained in T.C.A. 34-13-101, et seq., which address conservatorship[s], should have been followed.

> Before concluding, we observe that if in the future the funds available are insufficient for her support, a conservator would have the authority to seek a decree requiring the parents to contribute thereto.

*Id.* at *5-6.

Similarly, in *Scott v. Scott*, No. 03A01-9708-CH-00305, 1999 WL 39506 (Tenn. App. Jan. 29, 1999), the parties were divorced in 1978 when their daughter Rebecca, who is mentally retarded, was only one and one-half years old. *See id.* at *1. The parties' divorce decree granted custody of Rebecca to the child's paternal grandparents. *See id.* In 1997, when Rebecca was twenty years of age, Mrs. Scott filed a petition seeking custody of her adult child. *See id.* Mr. Scott and the child's paternal grandparents filed a motion to dismiss, arguing that the child custody statutes were inapplicable to Rebecca because she was a legal adult. *See id.* Additionally, the paternal grandparents filed a petition seeking to be appointed as Rebecca's co-conservators. *See id.* The trial court granted the motion to dismiss, holding that the proper avenue through which to address Rebecca's needs was a conservatorship proceeding rather than a custody action. *See id.* On appeal, the Eastern section of this Court upheld the ruling of the trial court. *See id.* at *4.

Consistent with *Kilby* and *Scott*, we find nothing in Tennessee's domestic relations statutes authorizing a divorce court to exercise continuing jurisdiction over a child who is over

eighteen years of age.[2]  We recognize that this finding is inconsistent with *Sayne* insofar as the *Sayne* court stated as follows:

> [A]fter conferring upon the court the power to control custody "as the welfare and interest of the child may demand," the court is given the broad power to decree that the father make suitable payments for the child's support.  Nothing in the statute, either expressly or by implication, limits this power to children under [the age of majority]. Instead, it couples custody and support, giving rise to an inference that wherever custody must be awarded to one of the parties, as here, the power of the court to fix an allowance for support exists.

*Sayne*, 284 S.W.2d at 311.  However, this conclusion of the *Sayne* court completely ignores the actual language of the statute being construed.  This provision authorized the court to order support for "a minor child or minor children."  Tenn. Code Ann. § 8454 (1934), *superseded by* Tenn. Code Ann. § 36-828 (1955), *superseded by* Tenn. Code Ann. § 36-6-101 (1979).  Thus, we respectfully disagree with the court's conclusion that the statute did not implicitly limit the power of the trial court to order support for an adult child.

Based on the foregoing, we find that the trial court in the instant case was without subject matter jurisdiction when it entertained Mrs. Gatewood's 1993 petition for continuation of Mr. Day's obligation to pay child support.  Consequently, we agree with Mr. Day that the consent order subsequently entered by the trial court is void and unenforceable.  Like the court in *Scott*, we think that Tennessee's conservatorship statutes[3] provide an appropriate avenue for addressing the needs of the parties' adult child.  If a court having jurisdiction in conservatorship proceedings[4] determines that Sean is in need of a conservator, the individual appointed as his conservator may

---

[2]We note, however, that under the Tennessee guardianship statutes, the duty of parents to support their child continues after the child's eighteenth birthday if the child is still in high school.  This continued duty ends when the child graduates from high school or when the class of which the child was a member on his or her eighteenth birthday graduates from high school, whichever occurs first.  *See* Tenn. Code Ann. § 34-11-102(b) (1996).

[3]*See* Tenn. Code Ann. §§ 34-11-101 to -131 (1996 & Supp. 1998); Tenn. Code Ann. §§ 34-13-101 to -109 (1996 & Supp. 1998).

[4]An action for the appointment of a conservator may be commenced by the filing of a petition in a court with probate jurisdiction or in any other court of record in the alleged disabled person's county of residence.  *See* Tenn. Code Ann. § 34-13-101 (1996).

then request an order requiring Mr. Day and/or Mrs. Gatewood to contribute to Sean's support.[5]

For the reasons stated above, we reverse the ruling of the trial court and remand for further proceeding consistent with this opinion. Costs on appeal are assessed to Mrs. Gatewood, for which execution may issue if necessary.

                                                    _____

                                                    FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)

---

[5]Although we recognize the possibility that a conservator may be appointed at some point in the future, we make no finding regarding whether Sean is impaired, handicapped, or in need of assistance in managing his financial affairs. Additionally, we make no finding regarding whether, under the exception established by *Sayne*, Sean is entitled to receive court ordered support from Mr. Day and/or Mrs. Gatewood. Rather, these questions must first be considered in any proceedings which might occur subsequent to this opinion.